IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN HOLMES, | § | |
| | § | No. 236, 2015 |
| Plaintiff Below, | § | |
| Appellant/Cross-Appellee, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| DETECTIVE GREGORY D'ELIA, | § | C.A. No. N13C-12-185 |
| | § | |
| Defendant Below, | § | |
| Appellee/Cross-Appellant. | § | |

Submitted: September 18, 2015
Decided: December 8, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 8th day of December 2015, after careful consideration of the parties' briefs on appeal and cross-appeal and the Superior Court record, it appears to the Court that:

(1)     The *pro se* appellant, Marvin Holmes ("Holmes"), is an inmate incarcerated in a Delaware correctional facility. The appellee, Detective Gregory D'Elia ("Det. D'Elia"), is employed by the Newark Police Department and is represented by counsel.

(2) Holmes has appealed the Superior Court's Memorandum Opinion of April 20, 2015, dismissing his civil complaint against Det. D'Elia.[1] We find no merit to the appeal and affirm the judgment of the Superior Court.

(3) It appears from the record that Det. D'Elia was assigned to investigate a report of an assault on November 13, 2011 in Newark, Delaware. The alleged victim identified Holmes as the person who strangled and attempted to sexually assault her.

(4) Holmes was arrested on January 28, 2012 and was charged with second degree attempted rape and strangulation. The charges against Holmes were later dismissed.

(5) On December 23, 2013, Holmes filed a civil complaint alleging that Det. D'Elia negligently investigated and identified him as the suspect in the November 13, 2011 attack. Holmes sought to recover monetary damages for the physical and mental distress he suffered as a result of being falsely accused of sexual assault and strangulation.

(6) On February 12, 2014, Det. D'Elia moved to dismiss Holmes' complaint for insufficient process under Superior Court Civil Rule 4(f) and for failure to state a claim under Superior Court Civil Rule 12(b)(6). Det.

---

[1] *Holmes v. D'Elia*, 2015 WL 1889030 (Del. Super. April 20, 2015).

D'Elia contended that he was statutorily immune from suit under the County and Municipal Tort Claims Act (hereinafter the "Tort Claims Act").[2]

(7) Under 10 *Del. C.* § 4011(c) of the Tort Claims Act:

> [A government] employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or wilful and malicious intent.[3]

(8) By order dated March 17, 2014, the Superior Court ruled on Det. D'Elia's motion to dismiss.[4] The court denied to dismiss the complaint for insufficient process after finding that Holmes' service of process was sufficient. The court ruled as follows:

> Holmes submitted a praecipe initiating service of process on Detective D'Elia at his place of work, the Newark Police Department, 220 Elkton Road, Newark, DE 19711. Per Deputy Sheriff Deane Cressman, service was made by leaving the relevant documents with Nate Graber in the Records Department at the Newark Police Department.
>
> Holmes states in his answering brief that the Newark Police Department does not give out a police officer's home address to a person whom the officer has arrested. The Court finds that service

---

[2] The County and Municipal Tort Claims Act is codified at 10 *Del. C.* ch. 40, subch. II.

[3] 10 *Del. C.* § 4011(c).

[4] *Holmes v. D'Elia*, 2014 WL 1083934 (Del. Super. Mar. 17, 2014).

was properly made under Rule 4(f)(1)(I), "by delivering copies thereof to an agent authorized by appointment or by law to receive service of process."[5]

(9) The Superior Court ruled that dismissal of the complaint for failure to state a claim was not yet ripe for determination and ordered Holmes to respond to the merits of Det. D'Elia's immunity defense within sixty days.[6] When Holmes submitted several letters in response to the immunity defense, the Superior Court permitted Det. D'Elia to file a reply in support of the motion to dismiss. Holmes filed a response to the reply on February 19, 2015.

(10) By Memorandum Opinion dated April 20, 2015, the Superior Court dismissed Holmes' complaint against Det. D'Elia on the basis that the detective was immune from liability under the Tort Claims Act.[7] The Superior Court found that:

> The authority of D'Elia to arrest individuals is inherent in his job as a detective in the Newark Police Department and such an act is discretionary. Holmes contends that there was no physical evidence to justify the arrest and that D'Elia should have known that the accusations against Holmes were false. D'Elia's investigation, which included a positive identification of Holmes as the attacker, and arrest of Holmes were within the scope of D'Elia's employment. D'Elia's actions were

---

[5] *Id.*

[6] *Id.*

[7] *Holmes v. D'Elia*, 2015 WL 1889030 (Del. Super. April 20, 2015).

4

performed in good faith and without gross negligence.[8]

This appeal and cross-appeal followed.

(11) Holmes has appealed the April 20, 2015 Memorandum Opinion dismissing his complaint. Det. D'Elia has filed a cross-appeal from the March 17, 2014 order denying his motion to dismiss the complaint for insufficient process.

(12) When reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Superior Court must determine whether the plaintiff "may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[9] The Supreme Court reviews a dismissal under Rule 12(b)(6) *de novo* to determine whether the trial judge erred as a matter of law.[10]

(13) In this case, upon *de novo* review, the Court finds that the Superior Court properly held, as a matter of law, that Holmes failed to state a claim upon which relief could be granted.[11] Holmes failed to allege facts that,

---

[8] *Id.,* at *2.

[9] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[10] *Clinton v. Enterprise Rent–A–Car Co.,* 977 A.2d 892, 895 (Del. 2009).

[11] In its April 20 decision, the Superior Court wrote certain sentences that might be read in isolation as findings of fact. Read in full context, what the Superior Court was saying was that Holmes had pled no facts supporting a pleading stage inference that Det. D'Elia had any improper motive to target Holmes, as opposed to the detective carrying out his responsibility to investigate leads that might result in solving a serious alleged crime.

if taken to be true, would establish that Det. D'Elia's investigation of Holmes was performed in the absence of good faith or with gross negligence or "with wanton negligence or wilful and malicious intent."[12]

(14) The Court concludes that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's Memorandum Opinion dated April 20, 2015. With the affirmance of the Superior Court's final judgment dismissing the complaint for failure to state a claim under Rule 12(b)(6), it is not necessary to address the claim, raised in the cross-appeal, that the Superior Court erred in an interim order when denying dismissal of the complaint on the alternative ground of insufficient process under Rule 4(f).[13]

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[12] 10 *Del. C.* § 4011(c). *Walls v Rees*, 569 A.2d 1161, 1165 (Del. 1990).

[13] *In re General Motors S'holder Litig.*, 897 A.2d 162, 167 (Del. 2006) (declining to reach the issues raised in a cross-appeal when the Court concluded that the trial court properly granted a motion to dismiss).