**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

SHERRIE BAGWELL, as personal )
representative of the estate of DAVID )
BAGWELL, and SHERRIE )
BAGWELL, individually, )
                                     )
                         Plaintiff, )         C.A. No. N14C-06-023 ASB
                                       )
                v.                  )
                                         )
BORGWARNER MORSE TEC, LLC, )
et al., )
                                       )
                Defendants.

August 18, 2017

*Upon Defendant BorgWarner's*
*Motion for Summary Judgment*
**GRANTED.**

Plaintiff contends that decedent David Bagwell contracted lung cancer from asbestos in Defendant BorgWarner's products. The only product identification witness is Clyde Bagwell, Mr. Bagwell's brother. Clyde Bagwell testified that together, he and his brother performed automotive work from 1965 to the present, including clutch work. Clyde Bagwell recalled Borg-Warner as one of the manufacturers of clutches his brother used. Plaintiff presented evidence that Defendant's clutches contained asbestos through the 1980s, and Mr. Bagwell's brother estimated that he performed a clutch replacement once a week. In response

to Defendant's lack of expert report argument, Plaintiff argues she tendered an expert report from Dr. Primavera on April 4, 2017, which is also attached to Plaintiff's response. This expert report states that Mr. Bagwell had significant occupational exposure to asbestos containing products, and specifically lists Borg-Warner's clutches.

On the other hand, Defendant contends that under South Carolina substantive law, Plaintiff's claims are barred by the statute of limitations. In response, Plaintiff claims that decedent was diagnosed with lung cancer in May 2009 and passed away on January 28, 2010. Subsequently his wife did not know that her husband's cancer was caused by asbestos until after June 2, 2014. Under South Carolina law, Defendant argues that Plaintiff's case must be dismissed because wrongful death claims must be filed within three years of the date of decedents death.[1] However, Section 10 *Del. C.* § 8121 states, "[w]here a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state. . . where the cause of action arose, for bringing an action upon such cause of action."[2] As this Court has held before, "[t]he clear and unambiguous terms of the statute dictate that if a cause of action

---

[1] *See* S.C. Code Ann. 15-3-530(6).
[2] *In re Asbestos Litigation (Schultz)*, 2015 WL 5168121, at *2 (Del. Super. Sept. 1, 2015).

arises outside of Delaware, the Court must compare 'the time limited by the law of this State' with 'the time limited by the law of the state . . . where the cause of action arose' and apply '*whichever is shorter*'."[3] In personal injury actions, this State applies a two year statute of limitations from the date of plaintiff's injury.[4] Plaintiff passed away from lung cancer on January 28, 2010, and Plaintiff's Complaint was not filed until June 2, 2014. Plaintiff argues that under Delaware law, "[t]he two-year statute of limitations on asbestos-related personal injury cases 'begins to run when the plaintiff is chargeable with knowledge that his condition is attributable to asbestos exposure'."[5] The four part test relevant to determine whether the statute of limitations runs is: (1) plaintiff's knowledge and education; (2) the extent of his recourse to medical evaluation; (3) the consistency of the medical diagnosis; and (4) plaintiff's follow up efforts following the initial recourse to medical evaluation.[6] Plaintiff's situation is distinguishable from other asbestos cases because Mr. Bagwell passed away more than two years prior to contact with legal counsel. Mr. Bagwell was diagnosed with lung cancer in May 2009 and passed away on January 28, 2010. Plaintiff avers that she contacted an attorney in August of 2012, and the

---

[3] *Id.*

[4] "Delaware has a two-year statute of limitations for both personal injury and wrongful death actions." *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892 (Del. 2009); *see also* 10 *Del. C.* 8107.

[5] *DaBaldo v. URS Energy &Const.*, 85 A.3d 73, 79 (Del. 2014).

[6] *Id.*

Complaint was not filed until June 2, 2014. Plaintiff urges that she did not know that her husband's lung cancer was caused by asbestos until "after June 2, 2014 when his case was filed." Although Plaintiff is correct that Delaware's statute of limitations law in latent disease cases provides relief for plaintiffs by starting the legal time clock from the date a plaintiff is "chargeable with knowledge that his condition is attributable to asbestos exposure,"[7] here, Plaintiff provided nothing for the Court to analyze a statute of limitations date.

Generally, "the defendant bears the burden of proving that a limitations period has lapsed and that claim is time-barred."[8] Conversely, "[w]hen a complaint asserts a cause of action that on its face accrued outside the statute of limitations, however, the plaintiff has the burden of pleading facts leading to a reasonable inference that one of the tolling doctrines adopted by Delaware courts applies."[9] Although it is clear that asbestos cases fall into the latent disease category, and the time begins to

---

[7] *DaBaldo v. URS Energy &Const.*, 85 A.3d 73, 79 (Del. 2014).
[8] *SPX Corp. v. Garda USA, Inc.*, 2012 WL 6841398, at *2 (Del. Super. Dec. 6, 2012).
[9] *Id.* "To make this determination on a Civil Rule 12 motion, the court typically conducts a three-part analysis," and the court must look at the cause of action's accrual date, whether the plaintiff plead facts to create a reasonable inference that the limitations period expired, and if a tolling exception was adequately plead, the time that plaintiff was on inquiry notice of a claim based on the allegations. *See Machala v. Boehringer Ingelheim Pharm., Inc.,* 2017 WL 2814728, at *6 (Del. Super. June 29, 2017). The Court points out that this case is no longer at the Rule 12 motion stage, but the Court took these factors into consideration when analyzing the statute of limitations. Although asbestos falls into the latent disease category, Plaintiff did not plead any facts to create a reasonable inference of the time that Plaintiff was on inquiry notice.

run when the plaintiff is chargeable with knowledge that his condition is attributable to asbestos exposure, the Court cannot infer, beyond speculation, when Plaintiff became aware her husband's disease was related to asbestos. Plaintiff provided no medical records from Mr. Bagwell's initial diagnosis or any other evidence of medical treatment for the Court to analyze the four part *DaBaldo* test. The only piece of evidence that the Court can take into consideration is a document titled "Affidavit of Sherrie Bagwell." However, this document has little to no probative value because it is neither notarized nor signed by an attorney. Additionally, as Defendant Borg-Warner pointed out, Plaintiff did not provide any medical records, doctors notes, or even a firm time period indicating a time that Mrs. Bagwell discovered that her husband's lung cancer was attributable to asbestos. Rather, Plaintiff essentially asks the Court to assume that the first time Mrs. Bagwell learned that her husband's cancer was asbestos related was after August of 2012, two and a half years after Mr. Bagwell's death, thus making June 2014 Complaint timely. In fact, Clyde Bagwell testified that they learned of the hazards of asbestos exposure twenty years prior, and Mrs. Bagwell thought about filing a lawsuit about a year after Mr. Bagwell passed away. Accordingly, for the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby **GRANTED. IT IS SO ORDERED.**

/s/ Calvin L. Scott

_____

The Honorable Calvin L. Scott, Jr.