**Richard CLINTON, Individually, and as the Administrator of the Estate of Kelly Clinton, Plaintiff Below, Appellant,**

v.

**ENTERPRISE RENT–A–CAR CO. and Anthony Gene Shamblin, Defendants Below, Appellees,**

No. 208, 2009.

Supreme Court of Delaware.

Submitted: July 22, 2009.
Decided: July 29, 2009.

---

Jeffrey K. Bartels, Esquire, Wilmington, DE, and Kenneth W. Richmond, Esquire, Richmond & Hevenor, Philadelphia, PA, for appellant.

James S. Yoder, Esquire, and William L. Doerler, Esquire, White and Williams LLP, Wilmington, DE, for appellee Enterprise Leasing Company of Baltimore.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

The plaintiff-appellant, Richard Clinton, appeals from the judgments of the Superior Court dismissing his personal injury action against the defendants-appellees, Enterprise Rent–A–Car Co. ("Enterprise")

and Anthony Gene Shamblin, pursuant to Superior Court Civil Rule 12(b)(6).[1] Clinton makes three arguments on appeal. First, he contends that the Superior Court erred in applying Delaware's statute of limitations to this action, instead of Maryland's. Second, he contends that the Superior Court erred in finding that Maryland courts would have dismissed his claim under Rule 12(b)(6). Third, he contends that the Superior Court erred in denying his motion for a default judgment against Shamblin and by permitting Shamblin to assert the statute of limitations as an affirmative defense for the first time more than a year after the time for filing a responsive pleading had expired.

We have concluded the Superior Court correctly determined that Delaware law applies. Consequently, it is unnecessary to address Clinton's second claim. We also have determined that Clinton's third claim is without merit. Therefore, the judgments of the Superior Court are affirmed.

### Facts and Procedural History

Enterprise is a Maryland corporation that rents vehicles in Elkton, Maryland.[2] On February 15, 2005, Enterprise rented a Dodge Ram pickup truck to a customer of Roger's Custom Body Shop ("Roger's"). When the customer returned the truck to Roger's later that day, Enterprise instructed a Roger's employee to move the truck outside of Roger's fenced-in parking lot so that the truck could be picked up after hours by one of Enterprise's employees. Pursuant to Enterprise's instructions, the Roger's employee left the truck, unlocked and with the keys in the visor, in an adjacent unfenced parking lot. The truck was subsequently stolen. On February 21, 2005, Enterprise reported the truck missing to the Elkton Police Department.

On March 2, 2005, defendant Anthony Gene Shamblin was driving the stolen Dodge Ram pickup truck along Route 72 in Delaware. Shamblin turned into the right-of-way of an oncoming car driven by Kelly Clinton ("Clinton"), and their vehicles collided. On March 4, 2005, Clinton died as a result of the injuries she received in the crash.

### Complaint Dismissed

On January 29, 2008, Richard Clinton, as administrator of Kelly Clinton's estate, filed a complaint against Enterprise and Shamblin in the Superior Court of Delaware, alleging Enterprise's responsibility for Kelly Clinton's personal injuries and wrongful death.[3] The Superior Court engaged in a conflict of laws analysis, determining that Clinton's cause of action arose from the accident in Delaware on March 2, 2005, and not from Enterprise's alleged negligence in leaving the keys in the unattended pickup truck in Maryland on February 15, 2005.[4] This distinction was dispositive, because Delaware has a two-year statute of limitations for both personal injury and wrongful death actions, whereas Maryland's statute of limitations for the same causes of action is three years.[5] As

---

1. Del.Super. Ct. Civ. R. 12(b)(6).

2. The defendant-appellee asserts that it is improperly named in the complaint as Enterprise Rent–A–Car; its correct name is "Enterprise Leasing Company of Baltimore."

3. Complaint, *Clinton v. Enterprise Rent–A–Car Co.*, C.A. No. 08C–01–296 (Del.Super.Ct. Jan. 29, 2008).

4. *Clinton v. Enterprise Rent–A–Car Co.*, No. 08C–01–296, at 3 (Del.Super.Ct. Aug. 7, 2008) (concluding that the "cause of action ... did not accrue under Delaware law until March 2, 2005") (citing *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 494 F.Supp. 1139, 1157 (D.Del.1980)).

5. *Compare* Del.Code Ann. tit. 10, § 8107 (wrongful death), *and* Del.Code Ann. tit. 10

Clinton's estate did not file its complaint in Delaware until January 29, 2008, the Superior Court found that Clinton's claim was barred by Delaware's statute of limitations and dismissed Clinton's claim against Enterprise pursuant to Superior Court Civil Rule 12(b)(6).

### Standard of Review

■ We review a decision to grant a motion to dismiss under Rule 12(b)(6) *de novo* to "determine whether the trial judge erred as a matter of law in formulating or applying legal precepts." [6] Dismissal is appropriate only if it appears "with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief." [7] In reviewing the grant or denial of a motion to dismiss, we view the complaint in the light most favorable to the non-moving party, accepting as true its well-pled allegations and drawing all reasonable inferences that logically flow from those allegations. [8] We do not, however, simply accept conclusory allegations unsupported by specific facts, nor do we draw unreasonable inferences in the plaintiff's favor. [9]

### Delaware Law Controls

■ Clinton argues that the Superior Court erred in applying the "most significant relationship test" to determine whether Maryland or Delaware law applies in this action; rather than applying Delaware's borrowing statute, which appears in title 10, section 8121 of the Delaware Code. [10] In *Travelers Indemnity Co. v. Lake,* this Court abolished the "automatic *lex loci delicti* choice of law standard." [11] In its place, we adopted section 145 of the Restatement (Second) of Conflicts as the basis for determining which state has the most significant relationship to the occurrence and the parties. [12]

■ We hold that the Superior Court properly applied that analysis to the facts of this case. [13] For personal injury actions, the law of the state where the injury occurred is presumed to control unless another state has a more significant relationship. [14] In Clinton's case, the Superior Court correctly determined that the presumption had not been rebutted. Therefore, the Superior Court properly concluded that Delaware's statute of limitations

§ 8119 (personal injury), *with* Md.Code. Ann., Courts & Judicial Proceedings § 5–101.

**6.** *Feldman v. Cutaia,* 951 A.2d 727, 730–31 (Del.2008) (quoting *Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d 434, 438 (Del.2005)).

**7.** *Feldman v. Cutaia,* 951 A.2d at 731 (quoting *VLIW Tech., LLC v. Hewlett–Packard Co.,* 840 A.2d 606, 610–11 (Del.2003); *McMullin v. Beran,* 765 A.2d 910, 916 (Del.2000)).

**8.** *Id.*

**9.** *Id.* (citing *White v. Panic,* 783 A.2d 543, 549 (Del.2001)); *In re General Motors (Hughes) S'holder Litig.,* 897 A.2d 162, 168 (Del.2006).

**10.** Del.Code Ann. tit. 10, § 8121.

**11.** *Travelers Indem. Co. v. Lake,* 594 A.2d 38, 46 (Del.1991).

**12.** *Travelers Indem. Co. v. Lake,* 594 A.2d at 47 (citing Restatement (Second) of Conflicts § 145 (1971)).

**13.** Although the Superior Court mistakenly referred to Enterprise as a Delaware corporation rather than a Maryland corporation, that fact would not change the outcome of the court's analysis.

**14.** *Turner v. Lipschultz,* 619 A.2d 912, 914–15 (Del.1992) (citing *Travelers Indem. Co. v. Lake,* 594 A.2d at 47); *see Thornton v. Boswell,* 1995 WL 656807, at *2 (Del.Super.Ct. Nov.6, 1995). Sections 145(1) and (6) of the Restatement (Second) of Conflicts identify the relevant factors to consider when analyzing a choice of law question. *See* Restatement (Second) of Conflicts § 145(1), (6) (1971); *Turner v. Lipschultz,* 619 A.2d at 914–15; *Thornton v. Boswell,* 1995 WL 656807, at *2.

and substantive law applied to Clinton's action.

■ Notwithstanding our holding, we will address Clinton's alternative argument. Clinton claims that if the Superior Court had applied title 10, section 8121 of the Delaware Code to the facts of this case, the court would have concluded that Maryland's three-year statute of limitations controlled. That argument is without merit. Section 8121 provides:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.[15]

Clinton argues that section 8121 applies because the cause of action arose in Maryland, not in Delaware. To the contrary, although Enterprise requested that the keys be left in the vehicle in Maryland on February 15, 2005, Clinton's cause of action did not accrue under Delaware law

until March 2, 2005, when her injury occurred.[16] As Clinton concedes,[17] prior to that date, there was no cause of action. Thus, Clinton's injury arose in Delaware. Because Clinton's cause of action arose in Delaware, title 10, section 8121 of the Delaware Code does not apply.

■ Even if Clinton's cause of action against Enterprise arose in Maryland, section 8121 still would not require the application of Maryland law. It is undisputed that at both the time the key was left in the truck and the time the accident occurred, Clinton was a Delaware resident. Section 8121 unambiguously states that "[w]here the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply." [18] Therefore, even if the cause of action arose in Maryland, section 8121 would dictate that Delaware's statutes of limitations applies.

Applying Delaware's statute of limitations, we hold that Clinton's claims are barred. Delaware has a two-year statute of limitations for both personal injury and wrongful death actions.[19] Clinton's cause of action arose on March 2, 2005, but her estate did not file its complaint until January 29, 2008. Thus, as a matter of Delaware law, Clinton's claims are untimely.

---

15. Del.Code Ann. tit. 10, § 8121.

16. *Clinton v. Enterprise Rent–A–Car Co.*, C.A. No. 08C–01–296, at 3 (Del.Super.Ct. Aug. 7, 2008) (citing *Rose Hall Ltd. v. Chase Manhattan Overseas Banking Corp.*, 494 F.Supp. 1139, 1157 (D.Del.1980)); *see Kaufman v. C.L. McCabe & Sons, Inc.*, 603 A.2d 831, 834 (Del.1992) ("A cause of action in tort accrues at the time of injury."); *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209 (Del.1974) ("The cause of action arose on May 19, 1970 when plaintiff allegedly sustained personal injuries in a fall from a malfunctioning motorcycle which had been manufactured by defendant Kawasaki ... and purchased by plaintiff from Delaware Cycle Center.").

17. Brief of Plaintiff–Below/Appellant at 13, *Clinton v. Enterprise Rent–A–Car Co.*, No. 208, 2009 (Del. May 22, 2009) (stating that "the Superior Court's conclusion that because the 'personal injury action could not have been initiated until March 2, 2005, the place where the injury occurred cannot have been the place where Enterprise's alleged negligence occurred, i.e., Maryland' is almost certainly true").

18. Del.Code Ann. tit. 10, § 8121.

19. *See* Del.Code Ann. tit. 10, §§ 8119 (personal injury), 8107 (wrongful death).

### Default Judgment Denied

■ The individual defendant-appellee, Anthony Gene Shamblin, has not participated in this appeal. Clinton argues that the Superior Court erred in denying its motion for a default judgment against Shamblin and in granting Shamblin's *pro se* motion to dismiss. After the Superior Court granted Enterprise's motion to dismiss, Clinton filed a motion for a default judgment against Shamblin. In response to that motion, Shamblin filed a *pro se* response that included seven paragraphs. In the first paragraph of his *pro se* response, Shamblin asserted "that the statute of limitations had expired on this case since the accident occurred on March 2, 2005, as it did with Enterprise Rent–A–Car co-defendant in this case."

The Superior Court had the discretionary authority to accept Shamblin's *pro se* response as an appearance that precluded the entry of a default judgment.[20] The Superior Court also had the authority to deem the *pro se* reference to Enterprise and its prior ruling on the statute of limitations as adopting the successful arguments that had been made by Enterprise. In fact, the final paragraph of Shamblin's *pro se* response stated "Per Statute of limitations I am requesting this Civil Action be dismissed without further cause."

Clinton's motion for a default judgment was filed after the Superior Court held that the cause of action against Enterprise was barred by the Delaware statute of limitations. The final paragraph in Shamblin's *pro se* response was a motion to dismiss based upon the Superior Court's decision in favor of Enterprise. The Superior Court acted properly by declining to enter a default judgment against Shamblin in the same untimely cause of action that had been dismissed as to Enterprise and, instead, by also dismissing the action against Shamblin.

### Conclusion

The judgments of the Superior Court are affirmed.

---

**20.** *Delaware Sand & Gravel Co. v. Bryson*, 414 A.2d 207, 207–08 (Del.1980).