COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE
Wilmington, Delaware 19801

*Alfred Fraczkowski*
        *Judge*

Dario Davis                                    Matthew G. Summers, Esquire
16 McCord Drive                                Jessica C. Watt, Esquire
Newark, DE 19713                               Ballard Spahr, LLP
    *Pro Se*                                   919 N. Market Street, 11th Floor
                                               Wilmington, DE 19801
                                                   *Attorneys for Defendants*

**RE:** *Dario Davis v. First Horizon Home Loan Corporation and Metlife Home Loans, LLC*
<u>Case No.:</u> **CPU4-15-003818**

Submitted: January 15, 2016
Decided: January 21, 2016

Dear Mr. Davis and Counsel:

This matter comes before the Court on First Tennessee Bank National Association ("First Tennessee") and Metlife Home Loans, LLC's ("MLHL") (collectively, "Defendants") Motion to Dismiss the Complaint (the "Motion"). On January 15, 2016, the Court heard argument from Defendants and Dario Davis ("Plaintiff") on the Motion, and reserved its decision. This letter constitutes the Court's opinion and order on the Motion.

The facts that give rise to this dispute indicate that on August 19, 2005, Plaintiff executed a Note secured by a Mortgage from First Horizon Home Loan Corporation ("First Horizon") in the amount of $190,993.00 so that he could purchase real property

located at 16 McCord Drive, in Newark, Delaware.[1]  First Tennessee is the successor in interest by merger to First Horizon.  First Tennessee sold its interest in the mortgage and note, and assigned the mortgage to MLHL.  In the Complaint, Plaintiff alleges that First Tennessee's transfer of interest and assignment of the mortgage was unlawful, and claims that Defendants are liable for fraud in the concealment, unconscionability, breach of fiduciary duty, and slander of title.  Plaintiff also seeks declaratory relief.  Plaintiff also submits a claim for damages.

Defendants bring the present Motion to Dismiss, arguing that Plaintiff's complaint fails to state a claim upon which relief can be granted, pursuant to *Court of Common Pleas Civil Rule* 12(b)(6).  Defendants make several arguments as to why Plaintiff's claim should be dismissed, including that Plaintiff seeks monetary relief not within the jurisdictional limits of this Court.

When considering a motion to dismiss for failure to state a claim, the Court is guided by two principles: the Court must determine if the plaintiff would not be entitled to any relief for any asserted claim under any adequately pled set of facts;[2] and the Court limits its review to allegations and inferences developed only from well-pled allegations in the complaint.[3]

---

[1] The Note and Mortgage were executed by Plaintiff and Nakeytha C. Davis.  Neither party has mentioned this person, and the Court assumes that failure to include this person has no effect on the resolution of the issues raised by the Motion.
[2] *Radkin v. Philip A. Hunt Chem. Corp.*, 498 A.2d 1099, 1104 (Del. 1985).
[3] *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892, 894 (Del. 2009).

In the complaint, Plaintiff seeks "[m]onetary relief over $1000,000 but not more than $2,000,000.00."[4] Pursuant to 10 *Del. C.* § 1322, this Court has jurisdiction over civil matters where the amount in controversy does not exceed $50,000.00. Therefore, the amount of damages that Plaintiff seeks exceeds the jurisdictional limits of this Court. At no point in Plaintiff's response to Defendants' Motion, or at any time during the hearing on the Motion, did Plaintiff address this issue or amend his complaint so that it met statutory jurisdiction. For this reason, the matter should be dismissed. Nonetheless, the matter should also be dismissed based on Defendants' other arguments, which the Court will address *seriatim*.

Plaintiff alleges that First Tennessee fraudulently concealed the securitization, character, and material terms of the loan and transaction. Defendants argue that this claim fails because the Note and the Mortgage both include express clauses explaining that securitization was possible. Based on this express language, Defendants argue that Plaintiff will be unable to prove the first two elements of fraud—concealment and scienter—and therefore, Plaintiff's claims fail.

In order to state a claim for fraudulent concealment, a plaintiff must plead: "'(1) [d]eliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) [t]hat the defendant acted with scienter; (3) [a]n intent to induce *plaintiff's* reliance upon the concealment; (4) [c]ausation; and (5) [d]amages

---

[4] Compl. p. 13.

3

resulting from the concealment.'"[5] In this case, there is express language in both the Note and the Mortgage explaining that securitization was possible. Section 1 of the Note reads "I understand that the Lender may transfer this Note. The Lender or any who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"[6] Section 20 of the Mortgage states "[t]he Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."[7] The Superior Court has found that when there is express language in a note and mortgage, such as the language here, borrowers cannot establish the first two elements of fraud.[8] Therefore, because Plaintiff cannot factually establish the first two elements, Plaintiff's fraudulent concealment claim is dismissed.

In relying on the allegation that Defendants concealed the possibility of securitization from him, Plaintiff also asserts that the Note and the Mortgage are unconscionable. Defendants argue that this claim fails for two reasons: (1) Plaintiff's basis for the unconscionability—concealing securitization—is factually belied by the express language in the contract, and; (2) Plaintiff has not pled any facts sufficient to give rise to the claim for unconscionability.

"Traditionally, a contract will be found unconscionable where 'no man in his senses and not under delusion would make on the one hand, and as no honest or fair man

---

[5] *Commonwealth Land Title Ins. Co. v. Funk*, 2015 WL 1870287, *3 (Del. Super. Apr. 22, 2015) (quoting *Nicolet Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987)).
[6] Compl., Ex. A.
[7] Defs. Mot. to Dismiss, Ex. A.
[8] *Toelle v. Greenpoint Mortgage Funding, Inc.*, 2015 WL 5158276, *5 (Del. Super. Apr. 20, 2015).

4

would accept, on the other.'"[9] Plaintiff claims that Defendants were aware that he had a special disadvantage when negotiating the Mortgage. Delaware law is clear, however, that while the unconscionability test involves "the question of whether the provision amounts to the taking of an unfair advantage by one party over another," a "mere disparity between the bargaining powers of parties to a contract will not support a finding of unconscionability."[10] Instead, "'[a] court must find that the party with superior bargaining power used it to take unfair advantage of his weaker counterpart.'"[11] In reading the Plaintiff's complaint, it is clear that he has failed to plead facts sufficient to establish his claim for unconscionability, and therefore, his unconscionability claim is dismissed.

Plaintiff also brings a slander of title claim against Defendants, basing his claim on the premise that Defendants concealed the possibility of securitization from him, and challenging the validity of First Tennessee's assignment of the Note and Mortgage to MLHL. Defendants argue that Plaintiff's claim fails because Plaintiff lacks standing to challenge the assignment of the Note to MLHL, and Plaintiff fails to plead malicious conduct on part of Defendants or special damages, which are two elements of a slander of title claim.

A slander of title claim requires a plaintiff "to establish that the defendant maliciously published a false matter concerning the title of property which caused the

---

[9] *Reserves Mgmt., LLC v. Am. Acquisition Prop. I, LLC*, 86 A.3d 1119 (Del. 2014) (quoting *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978)).
[10] *Id*. (internal quotations omitted).
[11] *Id*. (quoting *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989).

plaintiff special damages."[12]  "Based on contract principals [sic], if a debtor is not a party to a transfer, not a third party beneficiary, or cannot show it sustained some type of legal harm as a result of the transfer, it does not have standing to challenge the transfer or enforcement of the note."[13]  Plaintiff is neither a party to the assignment between First Tennessee and MLHL, nor is he a third party beneficiary to the assignment.  Moreover, he has failed to demonstrate how he sustained any legal harm as a result of the assignment.  Therefore, Plaintiff does not have standing to challenge the assignment of his Note.  Assuming that Plaintiff had standing, he is still unable to survive a motion to dismiss on his slander of title claim because he has not plead any facts demonstrating that Defendants acted maliciously.  "Maliciousness, an element of slander of title, requires that the Defendants acted with a wrongful or improper motive or with a wonton disregard of the Plaintiffs' rights."[14]  Plaintiff does not allege any facts that would show Defendants acted maliciously or had malicious intent when assigning the Note and Mortgage.  Thus, Plaintiff's claim for slander of title is dismissed.

In the Complaint, Plaintiff also seeks declaratory relief. First, Plaintiff requests that the Court declare each parties' rights and interests with respect to the Note and the Mortgage.  Defendants argue that this claim for declaratory judgment is a premature effort to prevent the current or future holder of the Note and the Mortgage from

---

[12] *Toelle*, 2015 WL 5158276, at *6, n. 69 (citing *Rudnitsky v. Rudnitsky*, 2000 WL 1724234, *12 (Del. Ch. Nov. 14, 2000)).

[13] *Id*., at *3 (citing *Branch Banking and Trust Co. v. Eid*, 2013 WL 3353846, *3 (Del Super. Jun. 13, 2013); *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670 (Del. Super. Mar. 4, 2013)).

[14] *Id.*, at *6 (citing *U.S. Bank Nat'l Assn' v. Gunn*, 2014 WL 1247085, *6 (D. Del. Mar. 25, 2014)).

6

commencing litigation to enforce the Note or foreclose on the Mortgage. Defendants argue that because neither legal action is currently pending, such request for declaratory relief is not ripe for review. Second, Plaintiff seeks a declaration that the Mortgage is not a lien against the property. Defendants again argue that this claim is not ripe.

In order for the Court to exercise jurisdiction over a claim seeking declaratory judgment, there must be an "actual controversy" between the parties.[15] The controversy must have the following prerequisites:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination.[16]

In this matter, Defendants challenge the fourth prerequisite—whether there is an actual controversy before the Court that is ripe for adjudication. A controversy is ripe when it has "matured to a point where judicial action is appropriate."[17] In determining whether a claim is ripe, the Court must make a "common sense assessment of whether the interests of the party seeking immediate relief outweigh the concerns of the court in postponing review until the question arises in some more concrete and final form."[18] The Court will deem a claim not ripe when it is based on "uncertain and contingent events that may not occur or where future events may obviate the need for judicial intervention."[19] Recently,

---

[15] *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217 (Del. 2014) (citing *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 480 (Del. 1989)).

[16] *Id.* (quoting *Stroud*, 552 A.2d at 479–80 (internal quotations omitted)).

[17] *Id*. (citing *Stroud*, 552 A.2d at 480).

[18] *Id*. (internal quotations omitted).

[19] *Id*. (internal quotations omitted).

the Superior Court dismissed a similar claim for declaratory relief, finding that the plaintiff did not have standing, and that a ruling as to who owned the real property was not ripe for adjudication because there was no foreclosure action pending.[20] This Court is bound to follow that reasoning. First, as mentioned *supra*, Plaintiff lacks standing to address First Horizon's assignment and transfer of the Note and the Mortgage. Second, since no foreclosure action is pending against Plaintiff, Plaintiff's claim for declaratory relief is not properly before the Court. Therefore, Plaintiff's claim for declaratory relief must be dismissed.

Finally, Plaintiff asserts that First Tennessee breached a fiduciary duty owed to Plaintiff. Defendants argue that this claim fails because Plaintiff has not alleged that the parties had a fiduciary relationship, and even if Plaintiff did allege that they did, his allegation would fail because creditors do not owe debtors any fiduciary or special duty in an ordinary commercial relationship. Under Delaware law, the relationship between a creditor and a debtor is an "ordinary" commercial relationship that does not give rise to any fiduciary or special duty.[21] Therefore, Plaintiff's claim that First Tennessee breached a fiduciary duty also fails.

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED this 21st day of January, 2016.**

---

[20] *Toelle*, 2015 WL 5158276, at *6.

[21] *See, e.g., Keith v. Sioris*, 2007 WL 544039, *7 (Del. Super. Jan. 10, 2007).

8

_____
Alfred Fraczkowski[22]
Judge


cc:    Tamu White, Civil Supervisor, CCP

---

[22] Sitting by appointment pursuant to Del. Const. Art. IV, § 38 and 29 *Del. C.* § 5610.