**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN RE: ASBESTOS LITIGATION**

SHERRIE BAGWELL, as personal )
representative of the estate of DAVID )
BAGWELL, and SHERRIE )
BAGWELL, individually, )
       )
       Plaintiff, )     C.A. No. N14C-06-023 ASB
       )
       v. )
       )
BORGWARNER MORSE TEC, LLC, )
et al., )
       )
       Defendants.

August 29, 2017

*Upon Defendant Pneumo Abex's
Motion for Summary Judgment*
**GRANTED**.

Plaintiff contends that decedent David Bagwell contracted lung cancer from asbestos in Defendant Penumo Abex's ("Defendant") products. The only product identification witness is Clyde Bagwell, Mr. Bagwell's brother. Defendant contends that under South Carolina substantive law, Plaintiff's claims are barred by the statute of limitations. In response, Plaintiff claims that decedent was diagnosed with lung cancer in May 2009 and passed away on January 28, 2010. Subsequently his wife did not know that her husband's cancer was caused by asbestos until the Complaint was filed. Under South Carolina law, Defendant argues that Plaintiff's case must be

dismissed because wrongful death claims must be filed within three years of the date of decedents death.[1] However, Section 10 *Del. C.* § 8121 states, "[w]here a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state. . . where the cause of action arose, for bringing an action upon such cause of action."[2] As this Court has held before, "[t]he clear and unambiguous terms of the statute dictate that if a cause of action arises outside of Delaware, the Court must compare 'the time limited by the law of this State' with 'the time limited by the law of the state . . . where the cause of action arose' and apply '*whichever is shorter*'."[3] In personal injury actions, this State applies a two year statute of limitations from the date of plaintiff's injury.[4] Plaintiff passed away from lung cancer on January 28, 2010, and Plaintiff's Complaint was not filed until June 2, 2014. Plaintiff argues that under Delaware law, "[t]he two-year statute of limitations on asbestos-related personal injury cases 'begins to run when the plaintiff is chargeable with knowledge

---

[1] *See* S.C. Code Ann. 15-3-530(6).
[2] *In re Asbestos Litigation (Schultz)*, 2015 WL 5168121, at *2 (Del. Super. Sept. 1, 2015).
[3] *Id.*
[4] "Delaware has a two-year statute of limitations for both personal injury and wrongful death actions." *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892 (Del. 2009); *see also* 10 *Del. C.* 8107.

that his condition is attributable to asbestos exposure'."[5] The four part test relevant to determine whether the statute of limitations runs is: (1) plaintiff's knowledge and education; (2) the extent of his recourse to medical evaluation; (3) the consistency of the medical diagnosis; and (4) plaintiff's follow up efforts following the initial recourse to medical evaluation.[6] Plaintiff's situation is distinguishable from other asbestos cases because Mr. Bagwell passed away more than two years prior to contact with legal counsel. Mr. Bagwell was diagnosed with lung cancer in May 2009 and passed away on January 28, 2010. Plaintiff avers that she contacted an attorney in August of 2012, and the Complaint was not filed until June 2, 2014. Plaintiff urges that she did not know that her husband's lung cancer was caused by asbestos until "after June 2, 2014 when his case was filed."

Although Plaintiff is correct that Delaware's statute of limitations law in latent disease cases provides relief for plaintiffs by starting the legal time clock from the date a plaintiff is "chargeable with knowledge that his condition is attributable to asbestos exposure,"[7] here, Plaintiff provided nothing for the Court to analyze a statute of limitations date. Although it is clear that asbestos cases fall into the latent disease category, and the time begins to run when the plaintiff is chargeable with knowledge that his condition is attributable to asbestos exposure, the Court cannot

---

[5] *DaBaldo v. URS Energy &Const.*, 85 A.3d 73, 79 (Del. 2014).
[6] *Id.*
[7] *Id.*

infer, beyond speculation, when Plaintiff became aware her husband's disease was related to asbestos. Plaintiff provided no medical records from Mr. Bagwell's initial diagnosis or any other evidence of medical treatment for the Court to analyze the four part *DaBaldo* test. The only piece of evidence that the Court can take into consideration is a document titled "Affidavit of Sherrie Bagwell." However, this document has little to no probative value because it is neither notarized nor signed by an attorney. Without additional information, the Court cannot infer, beyond speculation, the date that Ms. Bagwell became chargeable with knowledge that her husband's disease was asbestos related was August 2012.

Accordingly, for the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby **GRANTED**. **IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.