# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM W. WELLER,       )
                         )
    Plaintiff,       )
                         )
    v.               )       C.A. No. N19C-05-165 JRJ
                         )
MORRIS JAMES LLP,        )
                         )
    Defendant.       )

## MEMORANDUM OPINION

Date Submitted:  March 27, 2020
Date Decided:  May 14, 2020

*Upon Defendant Morris James LLP's Motion to Dismiss*:  **GRANTED.**

William W. Weller, Self-Represented Litigant.[1]

Jennifer C. Jauffret, Esquire, Christine D. Haynes, Esquire, Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attorneys for Defendant.

**Jurden, P.J.**

---

[1] While Plaintiff is currently self-represented, Plaintiff was represented by counsel Julia Klein, Esquire of Klein LLC during briefing of Defendant's Motion to Dismiss.  After the parties fully briefed the motion, Plaintiff's counsel filed a motion to withdraw as counsel and Plaintiff indicated he intended to retain new counsel.  *See* Letter from Plaintiff, Dec. 30, 2019, (Trans. ID. 64576932). The Court granted the motion to withdraw.  *See* Order Granting Mot. Withdraw Counsel, Dec. 11, 2019, (Trans. ID. 64515682).

## I. INTRODUCTION

This retaliation claim arises from a contentious and heavily litigated workers' compensation dispute that concluded with a denial of benefits ("Retaliation Complaint"). William W. Weller ("Plaintiff") is currently employed as a paralegal at Defendant law firm Morris James LLP ("Law Firm"), and has been employed at Law Firm in this capacity since 2002. Plaintiff alleges that Law Firm unlawfully retaliated against Plaintiff during the course of the workers' compensation litigation. Law Firm has moved to dismiss the Retaliation Complaint on the grounds that it fails to state a claim upon which relief can be granted. For the reasons set forth below, Law Firm's Motion to Dismiss is granted and the Retaliation Complaint is dismissed.

## II. BACKGROUND

In June 2015, Plaintiff was injured during a Law Firm-sponsored softball game. As a result of the injury, Plaintiff took medical leave which ended in September 2015. Before he returned to work, Plaintiff filed a petition with the Delaware Industrial Accident Board ("IAB"), seeking determination of a legal issue that could impact Plaintiff's claim for workers' compensation benefits. Ultimately, Plaintiff was denied workers' compensation benefits.

The Retaliation Complaint alleges several instances of "misconduct" by Law Firm during the workers' compensation litigation. First, the Retaliation Complaint

1

alleges that a Law Firm partner, after learning about Plaintiff's medical leave, sent an e-mail to other employees which included an offensive remark about Plaintiff ("2015 Offensive E-mail"). Next, the Retaliation Complaint alleges that another partner of Law Firm raised concerns about Plaintiff's leave during Plaintiff's 2015 annual review ("2015 Annual Review Comments"). The bulk of the allegations, however, involve claims regarding the actions of a third Law Firm partner, Eric J. Monzo, Esquire ("Equity Partner"). According to the Retaliation Complaint, Equity Partner approached Plaintiff offering to testify favorably for Plaintiff at Plaintiff's IAB hearing[2] but ultimately testified directly contrary to what Equity Partner had proposed. The Retaliation Complaint also alleges that Equity Partner, through discussions with Plaintiff, obtained information about Plaintiff's litigation strategy by "trickery and deceit" and "warned Plaintiff that if Plaintiff wanted to stay employed with [the Law Firm], Plaintiff must get his case resolved quickly by calling [Equity Partner] as a witness."[3]

Following the hearing at which Equity Partner testified, the IAB ruled in favor of Plaintiff.[4] The Court reversed the IAB's ruling by Opinion dated March 29,

---

[2] The Retaliation Complaint makes other allegations regarding Equity Partner which do not merit comment by the Court as they are *ad hominem* attacks that do not give rise to any claims of adverse employment action. *See* Compl. ¶¶ 19–20, (Trans. ID. 63275893); Pl.'s Answering Br. Def.'s Mot. Dismiss at 15–17, (Trans. ID. 64222123).

[3] Compl. ¶ 21.

[4] *See Morris James LLP v. Weller*, 2018 WL 1611267, at *2 (Del. Super. Ct. Mar. 29, 2018).

2

2018,[5] and the Delaware Supreme Court affirmed this Court's judgment on November 1, 2018.[6]

## III. PARTIES' CONTENTIONS[7]

A prima facie case for retaliation must include an adverse employment action and a causal connection between Plaintiff's claim for workers' compensation benefits and the retaliation alleged. Law Firm moves to dismiss the Retaliation Complaint pursuant to Superior Court Rule of Civil Procedure 12(b)(6), arguing that the Retaliation Complaint fails to state a claim upon which relief can be granted because Plaintiff cannot establish either an adverse employment action or a causal connection.[8] Plaintiff opposes the motion to dismiss, arguing that the Retaliation Complaint alleges an adverse employment action, which Plaintiff characterizes as "essentially fraud upon the Court;"[9] and arguing that the requirements for pleading causation are satisfied by alleging Law Firm's "pattern of misconduct."[10]

## IV. STANDARD OF REVIEW

---

[5] *See id.* at *8.

[6] *See Weller v. Morris James LLP*, 2018 WL 5734359 (Del. Nov. 1, 2018).

[7] Unfortunately, the intense personal emotions that accompany the underlying claims and defenses have infected the presentation by the lawyers in the briefing presented here. While it is understandable that the parties have strong personal interests, the Court expects counsel to refrain from inflammatory language, which is distracting and also diminishes the effectiveness of the parties' legal arguments.

[8] Def.'s Opening Br. Mot. Dismiss at 1–2, (Trans. ID 63628430).

[9] Pl.'s Answering Br. Def.'s Mot. Dismiss at 20.

[10] Pl.'s Answering Br. Def.'s Mot. Dismiss at 30.

In deciding a motion to dismiss under Rule 12(b)(6), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[11] Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[12] However, the Court need not "accept conclusory allegations unsupported by specific facts, nor . . . draw unreasonable inferences in the plaintiff's favor."[13] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[14]

## V. DISCUSSION

Plaintiff's retaliation claim is governed by Section 2365 of the Delaware Workers' Compensation Act, which makes it "unlawful for any employer or the duly authorized agent of any employer . . . to retaliate . . . in any manner against an employee as to the employee's employment" because the employee has engaged in protected activity.[15] To establish a prima facie case for workers' compensation retaliation, Plaintiff must prove that: (1) Plaintiff exercised rights under the Workers'

---

[11] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[12] *Spence*, 396 A.2d at 968.

[13] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

[14] *Spence*, 396 A.2d at 968.

[15] 19 *Del. C.* § 2365. Section 2365 protects the following activities: (1) "claim[ing] or attempt[ing] to claim workers' compensation benefits"; (2) "report[ing] an employer's noncompliance" with workers' compensation laws; and (3) "testif[ying] or [planning] to testify in" a workers' compensation proceeding.

4

Compensation Act; (2) Law Firm took an adverse employment action against Plaintiff; and (3) there was a causal connection between Plaintiff's exercise of rights and the adverse employment action.[16] Claims for workers' compensation retaliation are subject to a two-year statute of limitations.[17]

An adverse employment action must be "'materially adverse' in that it might dissuade a reasonable worker from making a request for workers' compensation."[18] While the statute broadly prohibits retaliation "in any manner," recovery is limited to adverse acts that concern the "employee's employment."[19] Accordingly, to prove an "adverse employment action" has occurred, Plaintiff must show that the adverse action was not only "materially adverse" but also related to his "employment."

The acts of "misconduct" alleged in the Retaliation Complaint do not constitute adverse employment actions. First, any claims based on the 2015 Offensive E-mail and the 2015 Annual Review Comments are barred by the two-year statute of limitations. Indeed, the Retaliation Complaint, filed on May 17, 2019, alleges that those acts occurred in 2015. Moreover, even if those 2015 claims were not time-barred, claims of retaliation based on these acts would still fail because neither the 2015 Offensive E-mail nor the 2015 Annual Review Comments is

---

[16] *See Santora v. Red Clay Consol. Sch. Dist.*, 901 F. Supp. 2d 482, 491 (D. Del. 2012).
[17] 19 *Del. C.* § 2365.
[18] *Santora*, 901 F. Supp. 2d at 491.
[19] 19 *Del. C.* § 2365 ("It shall be unlawful for any employer . . . to retaliate . . . in any manner against an employee *as to the employee's employment* . . . ." (emphasis added)).

materially adverse to Plaintiff's employment. A "[m]aterially adverse employment action requires something more than . . . 'petty slights.'"[20] While the 2015 Offensive E-mail and the 2015 Annual Review Comments may have been unpleasant or even unprofessional, neither of those actions is sufficient to dissuade a reasonable person from making a claim for workers' compensation benefits.

Second, the alleged actions of Equity Partner were not adverse as to Plaintiff's employment. The Retaliation Complaint alleges that Equity Partner undermined Plaintiff's workers' compensation claim in several ways, including by offering to testify favorably for Plaintiff but then providing opposite testimony during the IAB hearing. However, these are allegations of misconduct *during litigation*, not of actions adverse to Plaintiff's employment. While Plaintiff's workers' compensation claim might have suffered, his employment did not.

The Retaliation Complaint fails to allege that Law Firm took action that was materially adverse to Plaintiff's employment within the two-year limitations period and therefore does not plead an element necessary to Plaintiff's retaliation claim. Accordingly, the Retaliation Complaint fails to state a claim upon which relief can be granted and must be dismissed.[21]

---

[20] *Meltzer v. City of Wilmington*, 2011 WL 1312276, at *10 (Del. Super. Ct. Apr. 6, 2011) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).
[21] Having found that there was no adverse employment action, the Court does not reach the issue of causation.

## VI.  CONCLUSION

Considering the allegations set forth in the Retaliation Complaint, and drawing all reasonable inferences in favor of Plaintiff, the Retaliation Complaint does not allege an adverse employment action and therefore fails to state a claim upon which relief can be granted.  Accordingly, Defendant Morris James LLP's Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED**.

*Jan R. Jurden*

Jan R. Jurden, President Judge

cc:  Prothonotary

7