# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOEL HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N23C-12-037 SPL |
| | ) | |
| JOHN BUCHANAN, BUCHANAN | ) | |
| SEO, BUCHANAN COMPUTER, | ) | |
| JOHN H. BUCHANAN, | ) | |
| KATHERINE F. BUCHANAN, | ) | |
| CARLY K. BUCHANAN, | ) | |
| CODY A. BUCHANAN, | ) | |
| ALEXANDRA BUCHANAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This 10th day of January 2025, upon consideration of Defendant's, John Buchanan's ("Buchanan"), motion to dismiss and the parties' arguments and supplemental submissions,[1] it appears to the Court that:

1. On April 11, 2022, Joel Harden ("Harden"), represented by counsel, filed a complaint against Buchanan and Buchanan SEO in the Court of Common

---

[1] Plaintiff, Joel Harden, filed a supplemental pleading "for 520 West Roosevelt Holdings" and continues by explaining that "[m]y company hired the defendant, Mr. Buchanan[,] to build a website, [a]s an independent contractor." D.I. 30. The Court has considered Harden's arguments as they pertain to him as an individual and not on behalf of his business. *See Tigani on Behalf of Irrevocable Trust for Benefit of Tigani v. Director*, 2020 WL 5237278, at *2 (Del. Super. Ct. Sept. 2, 2020) (explaining that, as a general principle, artificial entities must be represented by counsel). In the end, the representation of Harden's business is of no consequence to the determination of the pending motion.

Pleas of Delaware County, Pennsylvania.[2]  Harden asserted claims of breach of contract, unjust enrichment, defamation, invasion of privacy, and intentional misrepresentation.[3] Harden alleged that Buchanan failed to fulfill certain contractual obligations and subsequently engaged in intentionally tortious conduct against him.[4]

2. On August 23, 2023, the Court of Common Pleas of Delaware County, Pennsylvania entered a "Verdict and Order" following a July 17, 2023, bench trial.[5] The Court found for Harden on all claims and imposed punitive damages for the defendant's intentional tortious conduct.[6]  In total, the Court awarded Harden $74,400.00.[7]

3. After trial, Harden timely objected to the Court's damages assessment.[8] The Pennsylvania Court considered Harden's post-trial motion and, in its September 28, 2023, Order Denying Plaintiff's Post Trial Motion, found the award was well within the discretion of the Court as the fact finder, was not against the weight of the evidence presented and does not shock one's [conscience]."[9]

---

[2] D.I. 25 ("Ans.") at Ex. A ("Penn. Compl.").

[3] *Id.*

[4] *Id.*

[5] Ans. at Ex. B ("Penn. Ord.").

[6] Penn. Ord. at 5.

[7] *Id.*

[8] Ans. at Ex. C ("Penn. Post. Tr. Ord.").

[9] *Id.* at 3, ¶ 15.

4. On December 6, 2023, Harden, representing himself, filed a complaint in this Court against John Buchanan, Buchanan SEO, and Buchanan Computer.[10] Harden's claims here mirror those adjudicated in Pennsylvania just months earlier.[11]

5. On March 25, 2024, Harden amended his complaint to include five additional defendants: John H. Buchanan (possibly Sr.), Kathrine F. Buchanan, Carly K. Buchanan, Cody A. Buchanan, and Alexandra J. Buchanan.[12] The Court understands the amended complaint to allege that Buchanan's relatives shielded him from service, and, in some manner, facilitated or assisted Buchanan in certain offenses.

6. Buchanan answered Harden's complaint on August 16, 2024,[13] and, on August 22, 2024, filed a Motion to Dismiss.[14] Buchanan asserts that Harden's Delaware claims should be dismissed because: (1) they are barred by the applicable statute of limitations; (2) they have already been litigated in Pennsylvania; and (3) they are barred due to a lack of subject matter jurisdiction.[15]

---

[10] D.I. 1 ("Compl.").

[11] *Id.*

[12] D.I. 7 ("Am. Compl.").

[13] D.I. 25.

[14] D.I. 27

[15] D.I. 25, 27.

7. Under Delaware law, a complaint must provide general notice of the claim to withstand dismissal.[16] The Court will accept the well pleaded allegations in the complaint and "draw all reasonable factual inferences in favor of the party opposing the motion."[17] A motion to dismiss will be denied if the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof supported by the complaint.[18] Conversely, a motion to dismiss will be granted if the complaint lacks sufficient factual assertions to warrant relief.[19] The Court will not accept unsupported conclusory statements or draw unreasonable inferences favoring the non-moving party.[20]

8. While Harden retained counsel to prosecute his Pennsylvania complaint, he chose to represent himself in Delaware. "A pro se complaint, however inartfully pleaded," is "judged by a 'less stringent standard' than a pleading or document filed by an attorney."[21] But "there is no different set of rules for *pro se*

---

[16] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[17] *Id.* (cleaned up).

[18] *Spence v. Funk*, 396 A.2d 967, 968 (Del 1978).

[19] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011) ("[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable conceivability.").

[20] *Nemec v. Shrader*, 991 A.2d 1120, 1125 (Del. 2010) (cleaned up).

[21] *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).

plaintiffs."[22]   This Court need not "accept conclusory allegations unsupported by specific facts [or] . . . draw unreasonable inferences in the plaintiff's favor,"[23] nor accept "every strained interpretation of the allegations proposed by the plaintiff."[24] The Court recognizes the challenges faced by pro se litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[25] or impair "the substantive rights of those parties involved in the case at bar"[26] to save claims which plainly have no merit.

9.     This Court has endeavored to afford Harden every opportunity to make his case, yet it cannot ignore established procedural barriers to litigation.  As an initial matter, Harden's amended complaint fails to articulate any justiciable claims against the various Buchanans added to the litigation in that pleading; Harden's claims squarely address his relationship with Buchanan and the subsequent fallout from that relationship.  The claims added in Harden's amended complaint are, thus, dismissed under Superior Court Civil Rule 12(b)(6).  And, because Harden litigated

[22] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001)).

[23] *Clinton v. Enterprise Rent-A-Car*, 977 A.2d 892, 895 (Del. 2009) (cleaned up).

[24] *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).

[25] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 15, 2015) (quoting *Draper*, 767 A.2d at 799); *see also Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[26] *Alston v. State,* 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

his case against John Buchanan and Buchanan SEO in Pennsylvania, his claims against Buchanan and his businesses are barred under the doctrine of *res judicata*.

10. Nothing in this Court's order should be construed to condone Buchanan's actions; rather, that conduct was submitted to, and adjudicated by, a Pennsylvania Court of competent jurisdiction. In finding for Harden and imposing punitive damages, the Pennsylvania Court found Buchanan's conduct to violate Harden's right to privacy and enjoined Buchanan "from posting any future information of [Harden], or his businesses, on any website and [ordered] the immediate removal of any representation of [Harden] and/or his businesses on any existing website."[27] And, to the extent Harden asserts Buchanan engaged in violations of criminal statutes, nothing in this decision should be read to discourage him from directing his concerns to the proper authorities.

11. The doctrine of *res judicata* operates to bar Harden's Delaware claims. The doctrine applies to preclude a later-filed claim where:

> (1) The original court had jurisdiction over the subject matter of the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.[28]

---

[27] Penn. Ord. at 5, ¶ 12.

[28] *RBC Cap. Markets, LLC v. Educ. Loan Tr. IV,* 87 A.3d 632, 643 (Del. 2014) (citing *LaPoint v. AmerisourceBergen Corp.,* 970 A.3d 185, 192 (Del. 2009)).

The Pennsylvania Court accepted jurisdiction over Harden's claims and issued a final decree against Buchanan in litigation involving the same parties and the same issues Harden seeks to litigate here. For these reasons, the doctrine of *res judicata* serves to bar the Delaware litigation.

12. The prior litigation need not have been filed in Delaware to invoke the doctrine of *res judicata*. "The law of Delaware and the Federal Constitution require [the Delaware Superior Court] to give the same effect to a Pennsylvania judgment rendered upon adequate jurisdiction as it would have in that state."[29] And, of course, Pennsylvania courts give *res judicata* effect to prior litigation.[30]

13. The complaint, amended complaint, answer, and motion to dismiss establish that Harden and Buchanan engaged in business to create and operate an on-line service. It is clear that neither party is satisfied with the conclusion of this business relationship. But Harden presented that dispute to a Pennsylvania Court that entered a judgment in favor of Harden.[31] It appears that Harden is displeased with the Pennsylvania award,[32] but he may not submit the same dispute here in the hope of a better result. He established subject matter jurisdiction and secured a

---

[29] *Shields v. Galloway Bros. Transp. Co*, 298 A.3d 631, 633 (Del. Super. Ct. Mar. 2, 1972) (internal citation omitted).

[30] *Id.*

[31] Penn. Ord.

[32] Penn. Post. Tr. Ord.

judgment and an injunction in Pennsylvania; to the extent additional relief is warranted, he may present his claims to that jurisdiction. The doctrine of *res judicata* bars consideration of these claims here.

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Harden's Complaint and Amended Complaint are hereby **DISMISSED**.

**IT IS SO ORDERED**

_____
Sean P. Lugg, Judge

8