## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CYNTHIA DOMINICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) C.A. No.: N20C-02-150 FJJ | |
| | ) | |
| THE GREENERY AT RODNEY | ) | |
| SQUARE, INC., GREENERY | ) | |
| CATERERS, INC., THE ROCKWOOD | ) | |
| PRESERVATION SOCIETY, INC., and | ) | |
| NEW CASTLE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 20, 2020
Decided: June 22, 2020

## MEMORANDUM OPINION

*On Defendant New Castle County's Motion to Dismiss - GRANTED*

Timothy A. Dillon, Esquire
McCann & Wall, LLC,
300 Delaware Avenue, Suite 805, Wilmington, DE 19801.
*Attorney for Plaintiff Cynthia Dominica*

Colin M. Shalk, Esquire
Casarino, Christman, Shalk, Ransom & Doss, P.A.,
1007 N. Orange Street, Suite 1100, P.O. Box 1276, Wilmington, DE 19899.
*Attorney for Defendants, the Greenery at Rodney Square and Greenery Caterers, Inc.*

Mary A. Jacobson, Esquire
New Castle County Government Center,
87 Reads Way, New Castle, DE 19720.
*Attorney for New Castle County.*

**Jones, J.**

1

## Introduction

This is a personal injury action that arises out of a slip-and-fall that occurred on May 18, 2018 at the Rockwood Park and Museum ("Rockwood"). The incident occurred as Plaintiff was leaving a wedding held at the museum. Plaintiff alleges in her Complaint that she slipped and fell "due to an unsafe and defective walkway" that connected to a parking lot for the faculty. Defendant New Castle County ("the County") has filed a Motion to Dismiss, arguing that it is immune from suit under the County and Municipal Tort Claims Act (the "CMTCA").[1]

The Court finds that the County is immune from liability under the facts of this case. Accordingly, the County's Motion to Dismiss is GRANTED.

## Facts

On May 18, 2018, Plaintiff attended a wedding held in the Museum building at the Rockwood Preservation Society ("Rockwood") in New Castle, Delaware.[2] While Plaintiff was leaving the building and heading to the parking lot, she fell on a sidewalk.[3]

There is no dispute regarding Rockwood's ownership. Nationally registered as a historic site, Rockwood is owned by the County.[4]

## Standard of Review

Under Superior Court Rule 12(b)(6),[5] the Court may dismiss a claim for failure to state a claim upon which relief can be granted only where the plaintiff cannot recover under any reasonable conceivable set of circumstances or facts susceptible of proof that may be

---

[1] 10 *Del. C.* §§ 4010-4013.
[2] Def.'s Mot. to Dismiss at p. 2.
[3] *Id.*
[4] National Park Service, National Register of Historic Places, http://nps.gov/nationalregister/index.htm.
[5] Super. Ct. Civ. R. 12(b)(6).

2

inferred from the allegations when analyzing a Motion to Dismiss under Rule 12(b)(6). The Court accepts the well-pled allegations of the complaint as true and draws "all reasonable information that logically flow from those allegations" in favor of the non-moving party.[6]

## Analysis

The CMTCA confers a broad grant of immunity against suits seeking damages based on tort liability.[7] Section 4011(a) provides "Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[8]

Section 4011(b) deals specifically in sidewalks.[9] It provides that:

> (b) Notwithstanding §4102 of this title, a governmental entity shall be liable for any damage claims which results from:

> (6) Any defect, lack of repair of sufficient railing in any highway, townway, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights and controls park meter and guardrails.

Under the clear terms of § 4011(b), defects in sidewalk give rise to immunity in favor of the County. However, § 4011 is subject to certain exclusions outlined in Section 4012 of the Act. In an effort to avoid the result under § 4011(b), the Plaintiff points to the exception to immunity as outlined in § 4012(2) of the CMTCA.

Section 4012(2) provides that:

> (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or

---

[6] *Clinton v. Enter. Rent-A-Car*, 977 A.2d 892, 895 (Del. 2009).
[7] 10 *Del. C.* §§ 4010-4013.
[8] 10 *Del. C.* § 4011(a).
[9] 10 *Del. C.* § 4011(b).

buildings, structures, facilities or equipment designed for the use primarily by the public in connection with public outdoor recreation.

Plaintiff argues that the sidewalk is an appurtenance and therefore § 4012(2) applies.[10] Plaintiff's reliance on §4012(2) is misplaced. The clear language of § 4012(2) makes it clear that a historic site "…used primarily by the public in connection with public outdoor recreation" is subject to the broad grant of immunity.[11] The Court finds that Rockwood is a registered historic site and used primarily by the public in connection with public outdoor recreation. As such, the exception to immunity under §4012(2) does not apply and the broad grant of immunity under § 4011(a) applies.

Plaintiff argues that § 4012(2) applies because the plaintiff, at the time of her fall, was not using the site primarily for public outdoor recreations.[12] Plaintiff would have the Court focus on what she was actually doing ("attending a wedding") at the time of her fall in analyzing the applicability of the exception to the exceptions contained in §4102. To take such an approach would require the Court to draft language onto the immunity statute and its exceptions that is simply not present.

This is not the first time this Court has been confronted with a situation where a party was injured at a site primarily for public outdoor recreation while not engaging in the outdoor activity associated with the site. In *Fidance v. City of Wilmington,*[13] the *Fidance* plaintiff attended a banquet at Porky Oliver Golf Course. While leaving the banquet hall after attending a banquet (and not golfing), the *Fidance* plaintiff fell on a sidewalk outside

---

[10] Pl.'s Resp. to Def.'s Mot. to Dismiss at pp. 4-5.
[11] The County takes the position that immunity applies if the property is either a historic site <u>or</u> one used primarily by the public in connection with the public outdoor recreation activity. I do not agree with this reading of the statute. I conclude that both elements must be met for the exclusion in §4012(2) to apply.
[12] Pl.'s Resp. to Def.'s Mot. to Dismiss at pp. 4-5.
[13] *Fidance v. City of Wilmington,* 2017 WL 4334153 (Del. Super. 2019).

4

of the banquet hall. As in the instant case, the *Fidance* plaintiff was on the premises for an event that was not associated with the public outdoor recreation activity. In *Fidance*, the Court found that the determining factor was the nature of the property being visited and not the reason for Plaintiff's visit. As in *Fidance,* the nature of the Rockwood is such that it clearly falls within the outdoor recreations exception.

Plaintiff argues that, since the fall was caused by poor lighting, the imposition of immunity does not apply. According to Plaintiff, this fact removes this case beyond the grant of immunity outlined in §4011(b)(6) relating to defects in the sidewalks and falls within the exception outlined in §4012(2). There are two problems with this argument. First, the decision on whether to install lighting or not, and if so, how much is a discretionary functions that is subject to immunity.[14] Second, no matter what theory is used, this case involves a sidewalk which is subject to immunity.

Keeping in mind the Delaware Supreme Court's directive that the grant of immunity is to be broadly cast while the exceptions to immunity are restrictive and must be narrowly construed,[15] this Court concludes that Plaintiff's claim against the County is barred by the immunity statute.

For the reasons herein, New Castle County's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

Francis J. Jones, Judge

Dated: June 22, 2020
Wilmington, Delaware

cc:     File&ServeXpress

---

[14] 10 *Del. C.* § 4011(b)(3).
[15] *See Garin v. City of Wilmington,* 204 A.3d 112 (Table), 2019 WL 459760, *2 (Del. 2019); *Moore v. Wilmington Housing Auth.,* 619 A.2d 1166, 1168 (Del. 1993); *Sadler v. New Castle Cty.,* 565 A.2d 917, 921 (Del. 1989).

5