# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SEVA HOLDINGS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2022-0437-PRW |
| | ) | |
| OCTO PLATFORM EQUITY | ) | |
| HOLDINGS, LLC, OCTO | ) | |
| CONSULTING GROUP, LLC, | ) | |
| and ARLINGTON CAPITAL | ) | |
| PARTNERS IV, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: May 15, 2023
Decided: May 16, 2023

## ORDER

1.      Seva Holdings, Inc. brings this action against Defendants Octo Platform Equity Holdings, LLC ("Octo Platform"), Octo Consulting Group, LLC ("Octo Consulting"), and Arlington Capital Partners IV, L.P. ("ACP") asserting Defendants caused the wrongful repurchase of Seva's membership units in Octo Platform.[1]   Seva brings seven causes of action against Defendants seeking declaratory, monetary, and equitable relief.[2]

---

[1]     Compl. ¶ 1 (D.I. 1).

[2]     *Id.* ¶¶ 125-64.

2.	In Counts I-III, Seva seeks declarations that Octo Platform's purported repurchase of its membership interests in Octo Platform are void because the underlying alleged conduct justifying the repurchase was privileged (Count I), because Octo Platform violated the operating agreement (Count II), because Octo Platform's purported repurchase was not based on a triggering event and because Octo Platform previously breached several of its agreements (Count III).[3]  In Counts IV and V, Seva asserts that Octo Platform breached the operating agreement (Count IV) and side letter agreement (Count V).[4]  And in Counts VI and VII, Seva seeks a constructive trust (Count VI) and injunctive relief (Count VII).[5]

3.	Defendants have moved to dismiss Seva's Complaint under Court of Chancery Rules 12(b)(1) and 12(b)(6).[6]

4.	Defendants' Rule 12(b)(1) motion was denied at oral argument as the Court reaffirmed that it lacks the authority to transfer properly filed 8 *Del. C.* § 111 actions to the Superior Court.[7]  Defendants' Rule 12(b)(6) motion is

---

[3]	*Id.* ¶¶ 125-42.

[4]	*Id.* ¶¶ 143-54.

[5]	*Id.* ¶¶ 155-64.

[6]	Mot. to Dismiss at 2-3 (D.I. 13).

[7]	Apr. 26, 2023 Oral Arg. Tr. at 16-17 (D.I. 52); *see S'holder Rep. Servs. LLC v. DC Cap. P'rs Fund II, L.P.*, 2022 WL 439011, at *6 (Del. Ch. Feb. 14, 2022) (finding Section 111 not discretionary); *see also In re Designation of Actions Filed Pursuant to 8 Del. C. § 111* (Del. Feb. 23, 2023) (ORDER) (cross-designating Complex Commercial Litigation Division Superior Court Judges as Vice Chancellors for the purpose of adjudicating Section 111 actions filed in the Court of Chancery).  Oral argument was held before the Chancellor prior to reassignment of the matter to the undersigned—who happens to be presiding over the related case in the Superior Court.  *See*

currently before the Court.

5. In that motion, Defendants assert the claims against Octo Consulting and ACP should be dismissed because "Seva's claims are based on alleged breaches of the Board Agreement and Operating Agreement" and Octo Consulting is not a party to either agreement.[8]  Further, Defendants assert that all allegations against ACP are for actions Octo Platform allegedly performed, not ACP.[9]

6. Seva says that Octo Consulting and ACP should not be dismissed because they are necessary "to ensure that [Seva] could obtain complete relief with respect to the contracts, membership units, and membership rights at issue and in which Octo [Consulting] and ACP have an interest."[10]

7. Under Rule 12(b)(6), "the governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'"[11]  When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all well-pleaded factual allegations in the [c]omplaint as true . . . , draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under

---

*Arvinder ("Sonny") Kakar, et al. v. Octo Consulting Group, LLC*, C.A. No. N22C-01-104 PRW (Del. Super. Ct.).

[8]  Mot. to Dismiss at 23-24.

[9]  *Id.* ("Seva fails to allege that ACP breached the agreements or otherwise participated in the repurchase of Seva's membership interests.").

[10]  Answering Br. at 30 (D.I. 16).

[11]  *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011).

any reasonably conceivable set of circumstances susceptible of proof."[12] The Court, however, need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[13]

8.      Seva's invocation of Rule 19 to bind Octo Consulting and ACP to this action is not appropriate here. Rule 19 is invoked by the defendant when it believes a party must be joined to the action, and the Rule gives the Court the authority to dismiss the action for failing to join that necessary party.[14] It is not a device to avoid dismissal for failure to state a claim.[15] Thus, Seva's argument that Octo Consulting and ACP are necessary parties will not rescue the Complaint if it is devoid of well-pled claims against Octo Consulting and ACP.

9.      In Count I, Seva says:

---

[12]    *Id.* at 536 (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[13]    *Price v. E.I. DuPont de Nemours & Co., Inc.*, 26 A.3d 162, 166 (Del. 2011) (citing *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009)), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255 (Del. 2018).

[14]    Del. Ct. Ch. R. 19 ("If a person as described in paragraph (a)(1) and (2) hereof cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.").

[15]    *See Hart v. Parker*, 2021 WL 4824148, at *2 (Del. Super. Ct. Oct. 15, 2021) ("To determine *whether a plaintiff has failed* to join a party in accordance with Rule 19, the Court must analyze the two prongs of Rule 19." (emphasis added) (citation omitted)); *see also Germaninvestments AG v. Allomet Corp.*, 2020 WL 6870459, at *1 (Del. Ch. Nov. 20, 2020) ("When a plaintiff elects not to sue a party who, in equity and good conscience, is deemed indispensable to the resolution of the pled claims, courts of equity have long understood that the *plaintiff's* election not to sue that party cannot be countenanced and must be remedied." (emphasis added) (citation and internal quotation marks omitted)). Court of Chancery Rule 19 and Superior Court Civil Rule 19 are identical except that the Court of Chancery Rule has an additional subsection concerning Court of Chancery Rule 23. *Compare* Ct. Ch. R. 19 *with* Super. Ct. Civ. R. 19.

This Court should therefore declare that the *Octo Platform's* purported repurchase and cancellation of Seva's Octo Platform Membership Units is void and of no force and effect, because *Octo Platform* is barred by Delaware's public policy from forfeiting Seva's Membership Units . . . .[16]

10.     In Count II, Seva says:

[T]his Court should declare that *Octo Platform's* purported repurchase and cancellation of Seva's Membership Units is void because it conditioned acceptance of the repurchase on onerous terms and conditions that are not found in the Operating Agreement and because *Octo Platform* has failed to escrow the full amount of the repurchase price.[17]

11.     In Count III, Seva says: "[T]his Court should declare that there has been no Triggering Event, and that *Octo Platform's* purported repurchase and cancellation of the Seva's Membership Units in Octo Platform is void . . . ."[18]

12.     In Count IV, Seva says: "*Octo Platform* breached the Operating Agreement by wrongfully and in bad faith purporting to repurchase and cancel Seva's Membership Units in Octo Platform for a price well below fair market value."[19]

13.     And in Count V, Seva says: "By its actions described herein, *Octo Platform* breached the Side Letter Agreement."[20]

---

[16]  Compl. ¶ 130 (emphasis added).

[17]  *Id.* ¶ 138 (emphasis added).

[18]  *Id.* ¶ 142 (emphasis added).

[19]  *Id.* ¶ 144 (emphasis added).

[20]  *Id.* ¶ 150 (emphasis added).

14.	What is missing is any alleged wrongdoing by Octo Consulting or ACP that support the causes of action Seva brings against them; instead those claims solely focus on Octo Platform's actions.[21]  Accordingly, Seva has not made well-pled claims against Octo Platform or ACP.  Thus, Defendants' Motion to Dismiss Octo Consulting and ACP from the Complaint under Rule 12(b)(6) is **GRANTED**.

**IT IS SO ORDERED.**

_____
**Paul R. Wallace, Judge[22]**

---

[21]	Moreover, the *only* statement Seva says about ACP in its Complaint is that ACP is a party to the side letter.  Compl. ¶¶ 33-34 ("As an integral part of the Sevatec Transaction, Seva entered into a letter agreement dated December 11, 2020, with Octo Platform and ACP regarding the assignment of certain repurchase rights, grant of board rights, and modification of repurchase and other rights . . . .").  The Complaint also confuses Octo Consulting with Octo Platform, while only supporting its cause of action with facts of alleged wrongdoing by Octo Platform. *Compare* Compl. ¶ 137 ("Upon information and belief, *Octo* has not placed into escrow the full amount of the purchase price." (emphasis added)) *with id.* ¶ 138 ("Octo Platform has failed to escrow the full amount of the repurchase price." (emphasis added)).

[22]	Sitting as a Vice Chancellor of the Court of Chancery of the State of Delaware by designation of the Chief Justice of the Supreme Court of Delaware pursuant to *In re Designation of Actions Filed Pursuant to 8 Del. C. § 111* (Del. Feb. 23, 2023) (ORDER).