IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SEAN MCMAHON, | § | |
| | § | No. 218, 2024 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No: S22C-06-022 |
| TIFFANY MCMAHON, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: January 15, 2025
Decided:  March 24, 2025

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

### <u>ORDER</u>

This 24th day of March, 2025, after consideration of the parties' briefs, the argument of counsel, and the record on appeal it appears to the Court that:

(1)  This case involves an intra-family dispute between Sean McMahon ("Plaintiff") and his brother's widow, Tiffany McMahon ("Defendant"). Plaintiff sued Defendant in the Superior Court, alleging five causes of action: (1) malicious prosecution, (2) abuse of process, (3) defamation—slander per se, (4) defamation—libel, and (5) intentional infliction of emotional distress. After Plaintiff amended his complaint, the Superior Court granted Defendant's motion to dismiss under Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff appealed, challenging the court's dismissal of Count III

(defamation—slander per se) and Count IV (defamation—libel). He also argues that the court's denial of his request to file a second amended complaint was an abuse of discretion. We conclude that Plaintiff's arguments lack merit and therefore affirm the Superior Court's order of dismissal.

(2)  The facts relevant to this appeal are straightforward. A firearm accident left Plaintiff's brother—Defendant's husband—unable to care for himself. He received a seven-figure settlement as a result of the injury. These events led to a series of disputes within the family throughout 2021 and 2022, the details of which are not relevant at this stage. Plaintiff brought this lawsuit in June 2022. As mentioned above, the complaint alleges that Defendant made several actionable statements and took other actions that caused Plaintiff harm during this time.

(3)  Specifically, the complaint alleges in Count III that, after Plaintiff had called 911 and requested that a trooper be sent to Defendant's home to check on her welfare, Defendant told multiple colleagues at her workplace—an elementary school—that Plaintiff had "filed a false police report."[1] According to the complaint, this imputed the commission of a crime to Plaintiff, constituting slander per se.

(4)  Count IV of the complaint alleges that Defendant received a text message from a coworker with an image of a truck and the caption "it's like they are

---

[1] App. to Opening Br. at A79

waiting for someone . . . want to make sure they aren't here to talk to you/ambush."[2] Defendant later sent the image of another truck to her husband with the caption "reason for it? Or should we just deny this?"[3] According to the complaint, these messages implied falsely that Plaintiff was "stalking" Defendant, making the messages actionable libel.

(5) Plaintiff amended his complaint in November 2022 and Defendant subsequently moved to dismiss the complaint for failure to state a claim under Superior Court Rule 12(b)(6). At oral argument on the motion to dismiss, the Superior Court summarily denied Plaintiff's oral motion for leave to file a second amended complaint should the court grant Defendant's motion as to any claim. The Superior Court ultimately granted Defendant's motion as to all five claims contained in the complaint. This appeal followed.

(6) On appeal, Plaintiff argues that the Superior Court erred in granting Defendant's motion to dismiss with respect to Counts III and IV. He also argues that the court abused its discretion when it denied Plaintiff leave to file a second amended complaint.

(7) We review the Superior Court's grant of a motion to dismiss under Superior Court Rule 12(b)(6) *de novo*.[4] "The complaint is viewed 'in the light most

---

[2] *Id.* at A79–80.
[3] *Id.* at A80.
[4] *Valley Joist BD Hldgs., LLC v. EBSCO Indus., Inc.*, 269 A.3d 984, 988 (Del. 2021).

3

favorable to the non-moving party,' and all well-pled allegations and the reasonable inferences flowing from those allegations are accepted as true."[5] We review the Superior Court's decision to grant or deny leave to amend a complaint for abuse of discretion.[6]

(8) Plaintiff first argues that the Superior Court erred by dismissing Count III of the complaint—a slander per se claim. Slander is oral defamation.[7] "To state a claim for defamation under Delaware law, the plaintiff 'must plead and ultimately prove that: 1) the defendant made a defamatory statement; 2) concerning the plaintiff; 3) the statement was published; and 4) a third party would understand the character of the communication as defamatory.'"[8]

(9) Generally, "oral defamation is not actionable without special damages."[9] But we recognize four categories of statements—known as slander per se—that are actionable without showing special damages. Those statements are those which: "(1) malign one in a trade, business or profession, (2) impute a crime, (3) imply that one has a loathsome disease, or (4) impute unchastity to a woman[.]"[10]

---

[5] *Id.* (quoting *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009)).
[6] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 262 (Del. 1993).
[7] *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).
[8] *Page v. Oath, Inc.*, 270 A.3d 833, 842 (Del. 2022) (quoting *Doe v. Cahill*, 884 A.2d 451, 463 (Del. 2005)).
[9] *Spence* 396 A.2d at 970.
[10] *Id.*

4

(10)   Plaintiff claims that the statements made by Defendant to her coworkers falsely imputed a crime to him.[11]  The only allegations in the amended complaint that touch upon this claim are that:

> 58.   . . . Defendant McMahon told multiple individuals, including colleagues where she and Plaintiff McMahon's wife work, that Plaintiff McMahon filed a false police report.
>
> 59.   Filing a false police report is a crime in Delaware and, thus, Defendant McMahon imputed a crime to Plaintiff McMahon.
>
> 60.   These comments caused Plaintiff McMahon harm to his reputation and the reputation of his small business.[12]

(11)   Plaintiff's pleading is insufficient to support a claim for slander per se. First, the complaint fails to identify to whom the allegedly slanderous statements were made.  Although Plaintiff identifies three individuals by name in paragraphs of the complaint preceding the slander per se allegation, the complaint states only that statements purportedly imputing a crime to Plaintiff were made to "multiple individuals."[13]  Moreover, the complaint fails to identify the crime that was imputed

---

[11] The amended complaint also refers to statements made by Defendant to the same group of coworkers that purportedly maligned Plaintiff in his trade, business or profession.  Plaintiff does not argue on appeal that the Superior Court incorrectly granted the motion to dismiss as to this slander per se claim.  *See* Video of Oral Argument at 12:24–12:39, *Delaware Supreme Court* (Jan. 15, 2025), available at https://vimeo.com/1047199682.

[12] App. to Opening Br. at A79.

[13] *Id.* at A78.

to Plaintiff and provides no examples of specific statements made by Defendant. "Filing a false police report" is not an offense under our criminal code.[14]

(12)    Given these omissions in the pleadings—the failure to identify the persons to whom the allegedly defamatory statements were made and the substance of the statement that purportedly accused Plaintiff falsely of committing a crime—we agree with the Superior Court that Plaintiff's slander per se claim based on an accusation of criminal conduct was inadequately pleaded.

(14)    Plaintiff next argues that the Superior Court erred by dismissing Count IV—a libel claim. "[T]he scope of liability for libel is generally broader than for slander."[15]   Unlike slander, "any publication which is libelous on its face is actionable without pleading or proof of special damages."[16]

(15)    Plaintiff's allegations of libel in the amended complaint read:

> 62.    Defendant McMahon received a text message from co-worker Erin Bailey on or around Fall of 2020, forwarding an image of a black truck with writing stating that "it's like they are waiting for someone" and "want to make sure they aren't here to talk to you/ambush." This text message was not known to Plaintiff McMahon until late 2021 or early 2022.

---

[14] Plaintiff's briefing indicates that perhaps he intended to refer to the misdemeanor known as "falsely reporting an incident" under 11 *Del. C.* § 1245.  Section 1245 provides that "[a] person is guilty of falsely reporting an incident when, knowing the information reported, conveyed or circulated is false or baseless, the person [, among other things,] . . . [r]eports to a law enforcement officer or agency . . . [t]he alleged occurrence of an . . . incident which did not in fact occur."  But the amended complaint does not invoke that section as part of Count III or otherwise connect the allegation that the defendant told "multiple individuals" that the plaintiff had "filed a false police report[]" to a specific statement attributable to the defendant.

[15] *Spence*, 396 A.2d at 970.

[16] *Id.*

63. The statement was made in reference to the Plaintiff and implies that the Defendant had previously made untrue and defamatory statements about Plaintiff McMahon to Erin Bailey, prompting Bailey to 'warn' Defendant about the truck in the image.

64. Defendant McMahon published a text message to Darin McMahon [Plaintiff's brother] on or around February 28, 2022[,] with the image of a blue truck with writing that states "reason for it? Or should we just deny this?" Darin McMahon advised Plaintiff McMahon of his receipt of this text message.

65. In publishing the text message to Darin McMahon, Defendant was writing of the Plaintiff with the false implications that Plaintiff was "stalking" her. Defendant wrote the text message with malicious intent or negligence as to the truthfulness of the written statement.

66. Defendant knew the statement was false because she was aware that the truck in the image was not Defendant McMahon's truck.

67. These written statements caused Plaintiff McMahon further harm to his reputation and the reputation of his small business.[17]

(16) As an initial matter, the content of the text message that Defendant received from her coworker cannot support a libel claim because that statement was not published by Defendant.[18]

(17) Two other required elements for a libel claim are that the allegedly defamatory statement was made "concerning the plaintiff" and that a "third party would view the statement as defamatory."[19] As pleaded, neither of these elements

---

[17] App. to Opening Br. at A79–81.
[18] *See Page*, 270 A.3d at 842 (holding that a plaintiff must plead, as an element of a defamation claim, that "the defendant made a defamatory statement").
[19] *Id.*

7

are met.  The purportedly libelous statement made by Defendant, consisting only of the image of a blue truck and the statement "reason for it . . . Or should we just deny this[,]" does not identify Plaintiff by name.  Nor does the complaint identify any facts from which a logical inference may be drawn that the statements refer to Plaintiff other than a conclusory assertion that "Defendant was writing of the Plaintiff with the false implications that Plaintiff was 'stalking' her."[20]  And in light of the fact that the statement makes no discernible reference to Plaintiff—or any other individual for that matter—we cannot conclude that a reasonable third party would construe this statement as defamatory.  Accordingly, we agree with the Superior Court that the libel claim based on this text message was inadequately pleaded and affirm the court's grant of Defendant's motion to dismiss as to Count IV.

(18)   Plaintiff's final argument on appeal is that the Superior Court abused its discretion when it denied Plaintiff's request for leave to file a second amended complaint.  At oral argument on the motion to dismiss, Plaintiff requested—should the Superior Court be inclined to dismiss any count in the complaint—that the court grant leave to file a second amended complaint "to clarify any of the specific

---

[20] App. to Opening Br. at A81.

allegations as need be."[21]  The court denied Plaintiff's request and added that the "case has gone on for years now and we're still now at a motion to dismiss stage."[22]

(19)   As mentioned above, we review this claim for abuse of discretion.  We will reverse a trial court for an abuse of its discretion only "when the trial judge exceeds the bounds of reason in view of the circumstances and has so ignored recognized rules of law or practice so as to produce injustice."[23]  Upon review of the record, and given the duration of this litigation, we find that the Superior Court acted well within its discretion when it denied Plaintiff's motion for leave to file a second amended complaint.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[21] *Id.* at A312.

[22] *Id.*

[23] *TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630, 652 (Del. 2022) (quoting *State v. Wright*, 131 A.3d 310, 320 (Del. 2016)) (internal quotation marks omitted).