# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID STILL,                )
                                   )
        Appellant,       )
                                   )     C.A. No. N25A-06-002 KMM
    v.                    )
                                   )
WAYFAIR, INC.,           )
                                   )
        Appellee.        )

Submitted: June 30, 2025
Decided: July 17, 2025

## ORDER DENYING MOTION FOR REARGUMENT

1.      David Still ("Still") filed an action in the Court of Common Pleas arising out of his purchase of a sofa from Wayfair, Inc. ("Wayfair"). That court dismissed the action based on a forum selection provision. Still appealed to this Court, also seeking to proceed *in forma pauperis*.

2.      On June 25, 2025, this Court entered an Order granting Still's Second Motion to Proceed *in Forma Pauperis* but dismissing the appeal as frivolous.[1] Still had not asserted a viable appeal because it was based on a legally and factually frivolous complaint.

3.      On June 30, 2025, Still filed a 14-page Motion for Reargument, asserting 35 grounds (the "Motion"). Because the Motion rehashes arguments

---

[1] D.I. 7 ("June 25 Order").

already made, raises new arguments, and fails to present any valid ground to grant reargument, the Motion is **DENIED**.

*Background*

4.     A full recitation of the factual allegations in the underlying complaint and procedural history is set forth in the June 25 Order.  In summary, Still, a 75-year old retiree who suffers from several "Spinal and Medical Conditions," purchased a 90" Amari Standard Sofa with Reversible Cushions (the "Sofa") from Wayfair.  Still was dissatisfied with the Sofa, complaining to Wayfair that the Sofa cushions were "too firm."   Still made several calls and sent several emails before receiving a response from Wayfair.  Wayfair contacted the manufacturer to inquire whether it could accommodate Still's request for softer cushions, but the manufacturer could not provide a solution.  Wayfair issued a partial refund of $300.  Wayfair suggested that Still contact a local upholsterer to explore options for replacement cushions.  This was unacceptable to Still.

5.     Still continued to complain to Wayfair.  Despite being outside the return period, Wayfair agreed to accept return of the Sofa.  Wayfair refunded the balance of the purchase price, but Still refused to return the Sofa.  Still kept the refund "as a security deposit pending final resolution of the [Sofa issue] through court order."  As it stands, Still received a full refund and retains possession of the Sofa.

6. Still filed a complaint in the Court of Common Pleas asserting 10 counts: Count 1 – violation of Delaware's Wiretapping, Electronic Surveillance and Interception of Communications statute (11 *Del. C.* Ch. 24) by transcribing his communications with Wayfair but not having those transcripts available for him to print from the website; Count 2 – violation of Delaware Financial Exploitation Protections (6 *Del. C.* 3-307[2]) by making the unauthorized refund deposits into his bank account; Count 3 – violation of Delaware Adult Protective Services Act (31 *Del. C.* Ch 39) by communicating with Still using "subtle legal pitfalls"; Count 4 – violation of Electronic Fund Transfer Act (15 U.S.C. § 1693) by initiating unauthorized financial transactions (*i.e.*, the refunds and then an attempt to reverse the refunds when Still refused to return the Sofa) and "using language laced with subtle legal pitfalls;" Count 5 – violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692) by attempting to collect on a debt that Still does not owe; Count 6 – violation of the Consumer Fraud Act (6 *Del. C.* §§ 2511, 2513, 2581, 2583) for omitting information as to the cushion firmness in its advertising and "using language laced with subtle legal pitfalls;" Count 7 – violation of Deceptive Trade Practices Act (6 *Del. C.* Ch. 25) by attempting to pressure Still into settlement by refunds, communicating with the manufacturer, suggesting he consult with a local

---

[2] This section is "Notice of Breach of Fiduciary Duty" within the Negotiable Instruments section of Article 3 of Title 6.

vendor, and giving him "the runaround" in responding to his communications; Count 8 – violation of Trade Commission Act (15 U.S.C. §§ 41-58) by attempting to pressure Still into settlement by refunds, communicating with the manufacturer, suggesting he consult with a local vendor, and giving him "the runaround" in responding to his communications; Count 9 – breach of an implied warranty and that the limited exclusive remedy of a return failed its essential purpose (6 *Del. C.* §§ 2-314 and 2-719) because "both parties have acknowledged that the Sofa failed to meet its essential purpose" and the offer of a refund does not provide him with a practical solution, and the Sofa failed to "meet his reasonable expectations;" and Count 10 – violation of Delaware Elder and Disabled Victims Enhanced Penalty Act (6 *Del. C.* Ch. 25), asserting that he is entitled to treble damages and civil penalties. Still sought compensatory damages of $3,936.50 to "cover" the cost of a new sofa he selected from a different (unidentified) vendor,[3] $7,911.75 in punitive damages, and costs.

7.    On April 11, 2025, the Court of Common Pleas ruled that, under Wayfair's Terms of Use, Still was required to file any claim in "small claims court," which in Delaware, is the Justice of the Peace Court. Therefore, the Court of Common Pleas dismissed the action for failure to file in the proper venue.

---

[3] Still attached the order form of the replacement sofa to his pleading but redacted the vendor information and the specifics of the order.

8. After the complaint was dismissed, Still filed a First Amended Complaint on April 14, 2025, to add allegations of Wayfair's "dark patterns" of deception on its website. Still also filed various other motions and multiple letters.[4]

9. The Court of Common Pleas subsequently denied Still's Motion for Reargument.

10. Still appealed to this Court and requested permission to proceed *in forma pauperis*. Still asserted that the lower court committed reversible error by (i) enforcing the forum selection clause without determining its enforceability; (ii) citing an order in its ruling that Still could not access (*Neal v. Verizon Wireless, Inc.*); (iii) failing to address his claims of Wayfair's deceptive dark practices and illegal financial transfers; (iii) denying his access to justice by dismissing his claims in violation of Delaware's consumer protection policy; and (iv) committing other procedural irregularities. He demanded reversal with a remand, instructing the lower court to consider and respond to his Amended Cross Motion, Speed Docket Motion, Amended Complaint, Motion to Correct Docket, his eight letters, and the merits of his claims.[5]

11. The Court granted the motion to proceed *in forma pauperis*. As required by statute, the Court reviewed the appeal and complaint, ultimately

---

[4] Motion, ¶¶ 12, 14.
[5] June 25 Order, ¶ 19.

determining they were factually and legally frivolous. The Court addressed each of the claims Still asserted in the Court of Common Pleas, explaining the basis for the Court's ruling on each count. Still followed the June 25 Order with the Motion.

***The Motion***

12. Several of the grounds Still relies on relate to failures of the Court of Common Pleas: Failure to Rule on Pending Motions; Failure to Rule on Amended Motion for Reargument; Failure to Address Docketed Letters; Failure to Hold a Hearing; Duty to Adjudicate Agreement Enforceability; Duty to Adjudicate Agreement Enforceability due to "Financial Coercion" Dark Patterns; Duty to Adjudicate Dark Patterns; Failure to Consider the Delaware Personal Data Privacy Act's Dark Pattern Definition; Improper Use of Own Precedent; and Failure to Consider Federal Statutory Violations; Inability to access *Neal v. Verizon Wireless*, Unenforceable Agreement Details; Erroneous Jurisdictional Ruling; Failure to Adjudicate Pending Motions; Failure to Address Emerging Statutory Fraud; Docket Inaccuracies Prejudiced Appellate Rights; and Failure to Transmit Complete Record.[6]

13. The remaining grounds attack this Court's ruling: Failure to Liberally Construe Pro Se Pleadings; Dismissal Without Record, Notice, or Hearing Violated Due Process; Failure to Issue Citation for Record Transmission; No Procedural or

---

[6] Motion, ¶¶ 8-11, 13-19, 22-34, 27-31, 33, 38-41.

Jurisdictional Defects; Structural Due Process Violation; Failure to Conduct Threshold Review of Contract Enforceability Before Dismissing Appeal; Appellant's Understanding of Attorney General's Jurisdiction; Mischaracterization of Case Ignored Statutory Claims; Evidence of Deceptive Practices; Appellant's Vulnerabilities; Erroneous Jurisdictional Ruling; Creation of Novel Jurisdictional Rule; Pattern of Jurisdictional Overreach; Dismissal of Statutory Claims Without Evidence Review; Evidence of Elder Exploitation; Misapprehension of Warranty Claims; Misapplication of Appellate Standard; and Failure to Address Emerging Statutory Fraud.[7]

14.     Still argues that the Court of Common Pleas mischaracterized his case as being "merely 'about a sofa'" and ignored Wayfair's "dark patterns."[8]   Still requests that the lower court be reversed and the case remanded for adjudication of all of his arguments.  He also requests that the case be reassigned to a different judge upon remand "to ensure the appearance and reality of impartiality."[9]

***Standard of Review***

15.     The standard for a motion for reargument under Rule 59(e) is well-settled in Delaware.  The moving party bears a "heavy burden" to demonstrate that "the Court has overlooked a controlling precedent or legal principles, or the Court

---

[7] *Id.* ¶¶ 4-7, 12, 20, 22, 25-26, 32, 34-37, 39.
[8] *Id.* ¶ 44.
[9] *Id.* ¶ 46.

has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[10] A motion for reargument is not for raising new arguments (or "stringing out the length of time for making an argument") or rehashing arguments previously made.[11] "Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie 'the orderly process of reaching closure on the issues.'"[12]

*Analysis*

16. Still spends much of the Motion arguing that the forum selection provision in Wayfair's Terms of Use is a part of its "dark pattern" of deceptive behavior and that this Court and the Court of Common Pleas failed to address the enforceability of the forum selection provision.[13] This Court's ruling, however, *did not* enforce the forum selection provision. After careful review of the appeal and the merits of the underlying complaint, this Court determined that both were factually and legally frivolous. Accordingly, Still's arguments relating to the forum selection clause have no merit and are not a basis for reargument.

---

[10] *Bd. Of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003); *Milton v. Alfred I. duPont Hosp. for Child.*, 2024 WL 4524850, at *1 (Del. Super. Oct. 17, 2024).

[11] *Bd. Of Managers*, 2003 WL 1579170, at *1; *Feenix Payment Sys., LLC v. Blum*, 2024 WL 3424038, at *1 (Del. Super. July 16, 2024); *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[12] *Feenix*, 2024 WL 3424038, at *1 (quoting *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

[13] Motion ¶¶ 8, 13-17, 19-20, 37, 45.

17. Still also rehashes his arguments as to why the Court of Common Pleas erred in its ruling, such as not determining whether the forum selection clause was enforceable,[14] not deciding the various motions that were filed after the dismissal order,[15] not acting on the multiple letters Still filed in the Court of Common Pleas,[16] relying on *Neal* which was non-binding,[17] citing a case that Still could not access, and failing to consider the merits of his claim. Still previously made these arguments in his appeal.[18] A motion for reargument is not to rehash arguments already presented.

18. None of the remaining grounds raised by Still fare any better. Still contends that this Court overlooked his vulnerabilities as an elderly person and his *pro se* representation, and failed to apply a more liberal reading of his pleadings.[19] The Court, however, did consider Still's filing status and construed the pleadings in a light favorable to him. But, a self-represented litigant (elderly or not) is bound by the Court's rules and procedures. As the Court ruled, it need not "'accept conclusory allegations unsupported by specific facts [or] ... draw unreasonable inferences in the plaintiff's favor,' nor accept 'every strained interpretation of the allegations

---

[14] *Id.*
[15] *Id.* ¶¶ 8, 38, 46.
[16] *Id.*
[17] *Id.* ¶¶ 9, 27, 29-30, fn. 4-5.
[18] June 25 Order.
[19] Motion, ¶¶ 1, 4, 26.

9

proposed by the plaintiff.'"[20] After careful review of Still's allegations, the Court determined that there was no factual or legal basis for the claims. Accordingly, Still's argument has no merit.

19. Still next argues that this Court committed error by not providing him notice or holding a hearing, and not waiting for the lower court's record to be transmitted.[21] He claims his due process rights were violated because this Court did not wait for the transmission of the record and instead relied on an "unverified" Court of Common Pleas Order.[22] This argument also lacks merit. After granting an *in forma pauperis* motion, the court is mandated by statute to review the operative pleading.[23] There is nothing in the statute requiring that the applicant be given notice or that the Court hold a hearing before dismissing a complaint. Furthermore, there is nothing in the statute requiring the Court to wait for transmission of the record. Moreover, the Court of Common Pleas record is available electronically, and the Court ruled after reviewing the various pleadings filed by Still and the lower court's rulings.[24]

---

[20] Order, ¶ 28 (citing *Jones v. Navient*, 2023 WL 6215472, at *4 (Del. Super. Sept. 25, 2023), (quoting *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011), *Clinton v. Enterprise Rent-A-Car*, 977 A.2d 892, 895 (Del. 2009) and *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001) (citations omitted))).
[21] Motion, ¶¶ 5-7, 12, 41.
[22] *Id*., ¶ 12.
[23] 10 *Del. C.* § 8803(b) ("the court shall review the complaint.").
[24] *See* June 25 Order, ¶¶ 12, 14.

20.     Still argues that his appeal was dismissed in error because there were no jurisdictional defects.  He relies on *Swan Energy, Inc. v. Investor Protection Unit*, N24C-03-071 MAA (Del. Super. June 24, 2025) to "suggest [that] a broader pattern of jurisdictional error" is occurring.[25]  The Court did not rely on a jurisdictional defect in dismissing the appeal, thus Still's argument is moot.  Additionally, *Swan Energy* did not reverse a Court of Common Pleas decision on constitutional grounds, as Still asserts.  *Swan Energy* addressed a constitutional challenge to an administrative agency's proceedings; not an appeal from Common Pleas.  *Swan Energy* has no relevance here.

21.     Still further contends claims that the Court misapprehended the facts and his warranty claim.  He now asserts that his complaints about the Sofa have nothing to do with his health issues but is a comfort issue.[26]  Still distorts the record.  His filings relied heavily on his health issues.[27]  Whether his complaints are based on health issues or comfort, the fact remains that he failed to assert a viable claim.  As discussed in the June 25 Order, and despite all of Still's protestations of the Sofa's defects, there were no allegations that the Sofa was not merchantable.[28]  Still's

---

[25] Motion, ¶ 32.
[26] *Id.,* ¶¶ 10, 42 ("Wayfair sofa[] and health is a *non sequitur*").
[27] Order, ¶ 30.
[28] June 25 Order, ¶ 33.

11

attempt to spin his dissatisfaction with the Sofa into a viable claim by adding conclusory allegations of "deceptive practices" is unavailing.

22.     Finally, Still argues that this Court mischaracterized his case as "purchaser's remorse" and overlooked Wayfair's "dark patterns."  He urges the Court to reverse the lower court so that this important and "novel issue" can be addressed.[29]  Still peppers his pleadings with allegations of "dark patterns."  This phrase comes from the Delaware Personal Data Privacy Act, 6 *Del. C.* Ch. 12D (the "Act").[30]  The purpose of the Act, which delineates a consumer's personal data rights, "provides residents of [Delaware with] the right to know what information is being collected about them, see the information, correct inaccuracies, or request deletion of their personal data that is being maintained by entities or people."[31]

23.     The Department of Justice has exclusive authority to enforce the Act and "[n]othing in this chapter shall be construed as providing a basis for, or be subject to, a private right of action for violations of said sections or any other law."[32]  Still admits that the Delaware Attorney General has exclusive authority to enforce the Act.  Thus, not only does the Act have nothing to do with Still's purchase of the

---

[29] Motion, ¶¶ 9-11, 13-15, 17-19, 21-22, 25, 33, 29, 44.
[30] The Act defines "dark pattern" as:
        a. A user interface designed or manipulated with the substantial effect of subverting or impairing user autonomy, decision-making, or choice.
        b. Any other practice the Federal Trade Commission refers to as a "dark pattern." 6 *Del. C.* § 12D-102(12).
[31] House Bill No. 154 synopsis, https://legis.delaware.gov/BillDetail?LegislationId=140388.
[32] 6 *Del. C.* § 12D-111.

Sofa, he has no standing to assert a claim under the Act. While Still recognizes the Attorney General's exclusive authority under the Act, he tries to engraft the dark pattern language of the Act into his allegations in an attempt to assert a claim under Delaware's Consumer Fraud Act and Deceptive Trade Practices Act. The Court addressed these claims in the June 25 Order. Adding conclusory allegations of "dark patterns" to his pleadings does nothing to save these claims from dismissal.

*Conclusion*

24. Still's Motion for Reargument fails to advance any viable ground for reargument. The Motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/Kathleen M. Miller*
Kathleen M. Miller, Judge

Original to Prothonotary

cc:  David Still
     Bryan P. Smith, Esquire
     Civil Prothonotary Appeals Unit