# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TASHA BROWN,           )
                               )
      Plaintiff,        )
                               )
      v.               )      C.A. No. N25C-02-415 SPL
                               )
NEW CASTLE COUNTY     )
POLICE DEPARTMENT,     )
                               )
      Defendant.     )

## ORDER

Upon consideration of Plaintiff Tasha Brown's ("Brown") Complaint,[1] Defendant New Castle County Police Department's ("NCCPD") Motion to Dismiss,[2] Brown's Response to that motion,[3] and the parties' oral arguments,[4] it appears to the Court that:

## BACKGROUND

1.     Brown alleges the NCCPD "attempted to apprehend" her minor child without a "formal warrant."[5] According to Brown, when NCCPD officers, with guns

---

[1] D.I. 1 ("Compl.").

[2] D.I. 7 ("Def. Mot.").

[3] D.I. 8 ("Pl. Resp.").

[4] D.I. 10.

[5] Compl.

drawn, "tried to hit [her son] with their police truck," her child fled.[6] Brown asserts NCCPD "has traumatized" her family.[7] Brown contends that she asked the NCCPD about its investigatory techniques, and an officer told her that he had a pending warrant to swab her son's mouth and obtain his fingerprints.[8] Brown concludes her complaint with the rhetorical question: "If the warrant was pending and not yet a thing why did these officers try to apprehend my child and not make contact with me first because he is a minor."[9]

2.    NCCPD responded by moving to dismiss Brown's complaint under Rule 12(b)(6).[10] NCCPD submits that it "does not have the capacity to be sued; rather, it is a division of New Castle County and not a separate entity."[11] Flowing from this, NCCPD asserts, Brown's complaint is barred by the County and Municipal Tort Claims Act ("CMTCA").[12] Under the CMTCA, "all governmental entities and their employees shall be immune from tort actions," except when a plaintiff alleges that "property damage, bodily injury, or death" occurred in certain

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *See* Def. Mot.

[11] *Id.* at ¶ 3.

[12] *Id.* at ¶ 4.

settings.[13]  Because Brown's complaint alleges none of these exceptions, NCCPD requests dismissal of Brown's Complaint.[14]

## STANDARD OF REVIEW

3.     Delaware Superior Court Civil Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted.[15]  When assessing a motion to dismiss under this rule, this Court must:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[16]

Delaware's pleading standards at the motion to dismiss stage are "minimal."[17]  A complaint is sufficient to survive a motion to dismiss under Rule 12(b)(6) "[if] a plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint."[18]  If, based on the circumstances

---

[13] 10 *Del. C.* § 4011(a); 10 *Del. C.* § 4012.

[14] Def. Mot. at ¶ 4.

[15] Super. Ct. Civ. R. 12(b)(6).

[16] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[17] *Id*. at 536.

[18] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

presented, the plaintiff may recover, then the motion to dismiss must be denied.[19]

Conversely, a motion to dismiss will be granted if "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[20] The Court need not "accept conclusory allegations unsupported by specific facts, nor [] draw unreasonable inferences in plaintiff's favor."[21]

## ANALYSIS

4.    Though the Court affords some leeway to self-represented litigants, "there is no different set of rules for *pro-se* plaintiffs."[22] The Court recognizes the challenges faced by *pro se* litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[23] or impair "the substantive rights of those parties involved in the case at bar."[24]

---

[19] *Id.*

[20] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. Ct. 2021) (internal citation omitted).

[21] *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

[22] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (citing *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001)).

[23] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 14, 2015) (citing *Draper*, 767 A.2d at 799); *see also*, *Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[24] *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

5.    Here, Brown's Complaint names NCCPD as the sole defendant in her lawsuit.[25]  Under Delaware law, "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[26]  As an initial matter, "NCCPD is a division of New Castle County and may not be sued as a separate entity."[27]  To the extent Brown's complaint may be read to assert a claim against New Castle County, the CMTCA provides immunity.[28]  And, while the CMTCA provides certain exceptions to this grant of immunity, none apply here; Brown does not assert claims of "property damage, bodily injury, or death."

6.    There exists no "reasonably conceivable" set of facts under which Brown may recover.  Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**

/s/ *Sean P. Lugg*
Judge

---

[25] Compl.

[26] 10 *Del. C.* § 4011(a).

[27] *Duygun v. Allen*, 2019 WL 3502274, at *2 (Del. Super. Ct. Aug. 1, 2019) (citing *Batiste v. Lee*, 2004 WL 2419130, at *2 (Del. Super. Ct. Oct. 14, 2004); *Breitigan v. State of Delaware*, 2003 WL 21663676 (D. Del. Jul. 16, 2003)).

[28] *See* 10 *Del. C.* § 4011(a).