## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM K. BUHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-1022-SEM |
| | ) | |
| WINTERSET FARMS, MHC, LLC | ) | |
| and MARIANN STEWART, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER GRANTING MOTION TO DISMISS</u>

WHEREAS, William K. Buhler (the "Plaintiff") filed a complaint seeking injunctive, declaratory and monetary relief on September 10, 2025;[1] therein, the Plaintiff alleged Winterset Farms MHC, LLC ("Winterset") and Mariaan Stewart (the "Individual Defendant," with Winterset, the "Defendants") were unlawfully retaliating against him through arbitrarily, and in bad faith, enforcing a set of rules purportedly binding the property in which the Plaintiff resides; specifically, the Plaintiff averred that the Defendants were unlawfully threatening him with imminent eviction, retaliation, and loss of housing rights in connection with property within Winterset; the property at issue, per the complaint, is 309 Delta Road, in Wilmington Delaware (the "Property"), for which the Plaintiff admits he is neither the titled homeowner nor leaseholder;

---

[1] Docket Item ("D.I.") 1.

WHEREAS, the Plaintiff seeks relief under (1) 25 *Del. C.* §§ 7019 and 7018(b), (2) public policy, (3) the common law right of quiet enjoyment, (4) 42 U.S.C. § 3617; (5) common law harassment; and (6) a purported tortious interference with a housing relationship;[2]

WHEREAS, with the complaint, the Plaintiff filed a motion to expedite and request for a status quo order, which I heard on October 16, 2025;[3] I denied the motion and declined to enter a status quo order at the hearing and set a briefing schedule for the Defendants' motion to dismiss (the "Motion");[4]

WHEREAS, on November 12, 2025, the Plaintiff moved for leave to file an amended complaint;[5] on November 19, 2025, I issued a minute order explaining: "The [P]laintiff's motion for leave to amend appears appropriate under Court of Chancery Rule 15(a)(5)(A), except that a proposed amended pleading was not included in the filed transaction. Under Court of Chancery Rule 15(a)(3), the plaintiff must file the proposed amended pleading and a redline or comparison document showing the proposed amendments;"[6] to that end, I directed the Plaintiff

---

[2] *Id.*

[3] This was the second hearing, which was scheduled after the Plaintiff failed to file proof that he provided the Defendants with sufficient notice of the original October 8, 2025 hearing. *See* D.I. 20, 25.

[4] *See* D.I. 37, 38.

[5] D.I. 39–42.

[6] D.I. 43.

to file the missing documents "within 2 weeks[;]"[7] when the Plaintiff missed that deadline I denied the motion for leave;[8]

WHEREAS, the Plaintiff responded to the Motion on December 24, 2025, and I, thereafter, took it under advisement;[9]

WHEREAS, through the Motion, the Defendants seek dismissal of the complaint and this action for lack of standing; standing can fall under Court of Chancery Rule 12(b)(1) or Rule 12(b)(6);[10] but, where "the issue of standing is so closely related to the merits, a motion to dismiss based on lack of standing is properly considered under Rule 12(b)(6) rather than Rule 12(b)(1)[;]"[11] the standard for dismissal under Rule 12(b)(6) is settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [iv] dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[12]

---

[7] *Id.*

[8] D.I. 44.

[9] D.I. 46–48. *See also* D.I. 45 (setting new deadline for the Plaintiff's response).

[10] *Swift v. Houston Wire & Cable Co.*, 2021 WL 5763903, at *2 (Del. Ch. Dec. 3, 2021).

[11] *Appriva S'holder Litig. Co. v. ev3, Inc.*, 937 A.2d 1275, 1285–86 (Del. 2007).

[12] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (internal quotations omitted).

WHEREAS, although this is a plaintiff-friendly standard, the Court is not permitted to "simply accept conclusory allegations unsupported by specific facts, nor do we draw unreasonable inferences" in favor of the pleader;[13]

WHEREAS, "[t]o establish standing, a plaintiff or petitioner must demonstrate first, that he or she sustained an 'injury-in-fact'; and second, that the interests he or she seeks to be protected are within the zone of interests to be protected[;]"[14]

WHEREAS, under 25 *Del. C.* § 7019, landlords are prohibited from engaging in retaliatory actions;

WHEREAS, under 25 *Del. C.* § 7018(b), landlords are prohibited from arbitrarily or capriciously enforcing a rule concerning occupancy or use of their property;

WHEREAS, the Delaware Superior Court explained in *Norfleet v. Mid-Atlantic Realty Co.* that when it comes to landlord-tenant relationships, Delaware's landlord-tenant code has displaced any common law claim for quiet enjoyment with express statutory duties;[15]

---

[13] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

[14] *Dover Historical Soc. v. City of Dover Planning Com'n*, 838 A.2d 1103, 1110 (Del. 2003).

[15] 2001 WL 695547, at *3 (Del. Super. Apr. 20, 2001) ("There is no need to imply a duty at common law when there is an express, statutory duty. Therefore, in this case, no common law action exists for breach of the implied covenant of quiet enjoyment.").

WHEREAS, under 42 U.S.C. § 3617, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title[;]" Section 3604 protects against discrimination in the sale or rental of housing;

WHEREAS, "Delaware does not recognize a private civil cause of action for harassment[;]"[16] nor could I find any Delaware authority recognizing a tort for alleged interference with a housing relationship;

**IT IS HEREBY ORDERED** on this 20th day of January, 2026, as follows:

1. The Motion is GRANTED. The complaint should be dismissed and this action marked closed.

2. The Plaintiff does not have standing to bring the purported claims related to the Property. He pleads that he is neither the owner nor leaseholder yet seeks to enforce unspecified property rights or interests. Without well-pled factual allegations as to those rights and interests, he does not have standing to assert claims challenging the landlord's conduct under 25 *Del. C.* § 7019, 25 *Del. C.* § 7018(b), or 42 U.S.C. § 3617, nor to seek a declaratory judgment in connection therewith.

---

[16] *Sullivan v. Watson*, 2023 WL 3487773, at *3 (Del. Super. May 16, 2023).

3.     The Plaintiff has also failed to state viable claims for relief for the remaining claims, which include a statutorily displaced quiet enjoyment claim and unrecognized torts.

4.     Further, my concerns about this Court's jurisdiction, as addressed in my motion to expedite hearing, remain. And they are amplified by the parties' representations that there are ongoing eviction proceedings.

5.     The Plaintiff's claims are neither viable nor well-placed in this Court. The Motion should be granted, the complaint dismissed, and this action closed.

6.     This is a final magistrate's report, and exceptions may be filed under Court of Chancery Rule 144.

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Senior Magistrate Judge